# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 98-3462

_____

Archie D. Roark,       *
      *
      Appellant,       *
      *    Appeal from the United States
      v.       *    District Court for the
      *    Eastern District of Arkansas.
City of Hazen, Arkansas;       *
George Orlicek, Mayor,       *
      *
      Appellees.       *

_____

Submitted:  May 14, 1999

Filed:   September 3, 1999

_____

Before WOLLMAN, Chief Judge, BEAM, and MURPHY, Circuit Judges.

_____

WOLLMAN, Chief Judge.

In this employment discrimination case, Archie D. Roark appeals from the district court's[1] denial of his motion for postjudgment relief following the dismissal of his lawsuit against the City of Hazen, Arkansas, and its mayor, George Orlicek.  We affirm.

_____

[1]The Honorable H. David Young, United States Magistrate Judge for the Eastern District of Arkansas, to whom the case was submitted pursuant to the consent of the parties under 28 U.S.C. § 636(c).

**I.**

Roark was hired by the City of Hazen as a police officer in February of 1990 and was appointed Chief of Police in December of 1993.

On June 16, 1995, Orlicek sent Roark a written reprimand for inappropriate behavior, insubordinate conduct, and usurpation of authority in connection with a dispute between Roark and the Hazen Ambulance Service. The reprimand warned Roark that if such conduct continued the city would take further disciplinary action against him. The relationship between Roark and the ambulance service did not improve, and on July 12, 1995, Orlicek told Roark to either resign or be terminated. Roark refused to resign. Orlicek then fired Roark for abuse of authority, abuse of overtime hours, insubordination, and dereliction of his duties arising from the failure to pursue criminal investigations.

Roark did not ask the city council to review his termination. Instead, he filed a complaint with the Equal Employment Opportunity Commission (EEOC) alleging that defendants terminated his employment based on his race. The EEOC issued a right to sue letter on February 28, 1996.

Roark then filed this suit under Title VII of the Civil Rights Act of 1964, alleging retaliation, discrimination during his employment, and discrimination in connection with his termination. The complaint also alleged causes of action under 42 U.S.C. §§ 1981 and 1983, claiming violations of the First, Thirteenth, and Fourteenth Amendments.

Defendants filed a motion for judgment on the pleadings under Rule 12(c) of Federal Rules of Civil Procedure, together with a motion for summary judgment pursuant to Rule 56(c). The district court granted the motion for judgment on the pleadings, disposing of three of the claims, and granted the motion for summary judgment on the remaining claims. Roark then moved the district court to reconsider

and set aside the judgment under Rules 59(e) and 60(b). It is from the denial of that motion that Roark appeals.

## II.

A district court has broad discretion in determining whether to grant a motion for postjudgment relief, and we will not reverse absent a clear abuse of discretion. See Innovative Home Health Care v. P.T.-O.T. Ass'n, 141 F.3d 1284, 1286 (8th Cir. 1998) (indicating that we review a district court's denial of a Rule 59(e) motion for an abuse of discretion); Cowan v. Stafford R-VI Sch. Dist., 140 F.3d 1153, 1159 (8th Cir. 1998) (applying the abuse of discretion standard when reviewing the denial of a Rule 60(b) motion). "An abuse of discretion will only be found if the district court's judgment was based on clearly erroneous factual findings or erroneous legal conclusions." Mathenia v. Delo, 99 F.3d 1476, 1480 (8th Cir. 1996), cert. denied, 117 S. Ct. 2518 (1997). Our determination of whether the district court abused its discretion in denying Roark's postjudgment motion necessarily entails a review of the district court's grant of judgment on the pleadings and summary judgment. See id.

The district court properly dismissed Roark's Title VII claims of retaliation and discrimination during the course of his employment because Roark failed to present those claims in his complaint to the EEOC. See Williams v. Little Rock Mun. Water Works, 21 F.3d 218, 222 (8th Cir. 1994). The district court also properly dismissed Roark's claim against Orlicek in his individual capacity because a supervisor may not be held liable under Title VII. See Bonomolo-Hagen v. Clay Central-Everly Community Sch. Dist., 121 F.3d 446, 447 (8th Cir. 1997) (per curiam).

We turn then to Roark's claim of racial discrimination in connection with his termination. Claims of discrimination under Title VII and section 1981 are analyzed under the burden-shifting framework enunciated in McDonnell Douglas Corp. v. Green,

411 U.S. 792, 802 (1973). See Richmond v. Bd. of Regents of Univ. of Minn., 957 F.2d 595, 598 (8th Cir. 1992).

Initially, Roark must establish a prima facie case of discrimination. See Texas Dept. of Community Affairs v. Burdine, 450 U.S. 248, 252-53 (1981). The burden then shifts to the employer "to articulate some legitimate, nondiscriminatory reason" for the employee's termination. McDonnell Douglas, 411 U.S. at 802. If the employer satisfies its burden of production, the employee must show that the proffered reason is pretextual. See Burdine, 450 U.S. at 253. At all times the ultimate burden of persuasion remains with the employee. See Rothmeier v. Investment Advisors, Inc., 85 F.3d 1328, 1332 (8th Cir. 1996).

Passing the question whether Roark established a prima facie case of discrimination, we agree with the district court that the defendants offered legitimate, nondiscriminatory reasons for terminating Roark and that Roark failed to introduce any evidence that would show that those reasons were pretextual. Accordingly, the district court did not err in entering judgment on the claim based upon alleged discrimination during the termination process.

Roark's constitutional claims are also without merit. His due process claim fails for two reasons. First, the record shows that Roark was an at-will employee and thus had no protected property interest in his employment. See Johnson v. City of West Memphis, 113 F.3d 842, 843 (8th Cir. 1997). Second, Roark has not established that he possessed a protected liberty interest that was violated by his termination. See Singleton v. Cecil, 176 F.3d 419, 424-29 (8th Cir. 1999) (en banc) (holding that an at-will employee's termination did not deprive employee of liberty interest). Likewise, Roark's equal protection claim fails because he has presented no evidence showing that he was treated in a manner different from that accorded other similarly situated individuals. See Ellebracht v. Police Bd. of the Metro. Police Dep't of St. Louis, 137 F.3d 563, 565-66 (8th Cir. 1998).

## III.

Roark contends that the district court erred by granting summary judgment without affording him an opportunity to complete discovery. We review a district court's determination that a claim is ripe for summary judgment for an abuse of discretion. See Dulany v. Carnahan, 132 F.3d 1234, 1238 (8th Cir. 1997). Although a district court is required to give the parties ample time to conduct discovery, Rule 56(c) does not require the completion of all discovery before a court may enter summary judgment. See id. (citing In re TMJ Implants Prod. Liab. Litig., 113 F.3d 1484, 1489 (8th Cir. 1997)). "Rule 56(f) permits a party opposing summary judgment to seek a continuance and postpone a summary judgment decision until adequate discovery has been completed." Id. When seeking a continuance, however, the party opposing summary judgment is required to file an affidavit with the district court showing what specific facts further discovery might uncover. See id.; Humphreys v. Roche Biomed. Lab., Inc., 990 F.2d 1078, 1081 (8th Cir. 1993).

Although Roark moved the district court for additional time to respond, his motion was not supported by an affidavit, and it did little more than detail the other cases that were occupying his counsel's time. The motion did not state what discovery was lacking or what information further discovery might unveil. Accordingly, the district court did not abuse its discretion in ruling on the motion for summary judgment on the basis of the information before it.

We have considered Roark's remaining claims and conclude that they are without merit.

The judgment is affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.