# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 98-3976EM

_____

| | |
|---|---|
| Georgia Calhoun, | * |
| | * |
| Appellant, | * On Appeal from the United |
| | * States District Court |
| v. | * for the Eastern District |
| | * of Missouri. |
| Riverview Gardens School District, | * |
| Board of Education, | * [Not To Be Published] |
| | * |
| Appellee. | * |

_____

Submitted: November 30, 1999
Filed: January 18, 2000

_____

Before McMILLIAN, RICHARD S. ARNOLD, and HANSEN, Circuit Judges.

_____

PER CURIAM.


Georgia Calhoun, a black woman, appeals from the District Court's[1] adverse grant of summary judgment in her employment discrimination action. We affirm.

Calhoun filed this action against Riverview Gardens School District Board of Education (school district), claiming the school district failed to promote her to

_____

[1]The Honorable Catherine D. Perry, United States District Judge for the Eastern District of Missouri.

administrative assistant because of her race, subjected her to a racially hostile environment by reassigning her from math to in-school suspension, and refused to contract with her, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e-2000e-17, and 42 U.S.C. § 1981.

We review the District Court's grant of summary judgment de novo. See Lynn v. Deaconess Med. Ctr.-West Campus, 160 F.3d 484, 486 (8th Cir. 1998). We analyze Calhoun's Title VII and section 1981 claims under the burden-shifting framework. See Roark v. City of Hazen, 189 F.3d 758, 761 (8th Cir. 1999). Although Calhoun stated a prima facie failure-to-promote claim, we conclude she failed to show defendant's proffered reason for not promoting her (the person ultimately hired was more qualified) was pretextual. See Canada v. Union Elec. Co., 135 F.3d 1211, 1213 (8th Cir. 1997) (elements of failure-to-promote claim); Rose-Maston v. NME Hosps., Inc., 133 F.3d 1104, 1110 (8th Cir. 1998) (person promoted being more qualified than plaintiff is legitimate, nondiscriminatory reason); Lidge-Myrtil v. Deere & Co., 49 F.3d 1308, 1310-11 (8th Cir. 1995) (although black applicant possessed experience and some of other qualities essential for success in position, this did not raise inference that employer's proffered reason was pretextual; black applicant's abilities alone could not rebut employer's stated belief that white applicant "better exemplified" standard of conduct necessary for position). Additionally, we conclude Calhoun failed to state a prima facie hostile-work-environment claim: she did not show how her reassignment affected her employment, and the school district presented evidence that the reassignment did not affect salaries or status. See Carter v. Chrysler Corp., 173 F.3d 693, 700 (8th Cir. 1999) (employee must establish, among other things, that unwelcome harassment occurred and affected term, condition, or privilege of employment).

Accordingly, we affirm.

We will not consider Calhoun's new claim on appeal that she was discriminated against because of her sex. See <u>Alexander v. Pathfinder, Inc.</u>, 189 F.3d 735, 742 (8th Cir. 1999).

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.