# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-3619

_____

Tarsha Baker,                          *
                                       *
            Appellant,                 *
                                       *   On Appeal from the United States
v.                                     *   District Court for the District
                                       *   of Nebraska
Union College, Inc.                    *
                                       *          [UNPUBLISHED]
            Appellee.                  *

_____

Submitted: April 15, 2004
Filed: April 27, 2004

_____

Before LOKEN, Chief Judge, BYE, Circuit Judge, and MAGNUSON,[1] District
      Judge.

_____

PER CURIAM.

Appellant Tarsha Baker appeals from the District Court's[2] grant of summary
judgment in favor of Appellee Union College, Inc. ("Union"). We affirm.

_____

[1] The Honorable Paul A. Magnuson, United States District Judge for the District
of Minnesota, sitting by designation.

[2] The Honorable Richard G. Kopf, United States District Judge for the District
of Nebraska.

## BACKGROUND

Tarsha Baker was a student at Union, a Seventh-Day Adventist-affiliated college in Nebraska. She applied for admission on three separate occasions to Union's physician's assistant ("PA") program, a demanding 27-month post-baccalaureate program. When her application was rejected for the third time, she filed this lawsuit claiming that the decision to deny her application constituted racial discrimination under 42 U.S.C. § 1981.

Union moved for summary judgment. The District Court granted Union's motion, finding that, although Baker could make out a prima facie case under § 1981, she could not rebut Union's legitimate nondiscriminatory reasons for the denial of her application. Baker appeals that decision, arguing that the District Court erred in granting summary judgment to Union and in considering two affidavits and the exhibits attached thereto. Reviewing the grant of summary judgment de novo, we affirm. See Brookins v. Int'l Motor Contest Ass'n, 219 F.3d 849, 852 (8th Cir. 2000) (setting forth standard of review).

## DISCUSSION

### A.     42 U.S.C. § 1981

Baker claims a violation of her equal protection rights. In other words, she contends that she was treated differently than others in her situation, and that the difference in treatment can be explained by racial discrimination. Section 1981 gives all persons in the United States the equal right "to make and enforce contracts." 42 U.S.C. § 1981(a). There is no dispute that § 1981 prohibits racial discrimination in admission to educational programs. Runyon v. McCrary, 427 U.S. 160, 172 (1976).

The Court analyzes claims under § 1981 pursuant to the burden-shifting paradigm first set forth in McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802

(1973). <u>Roark v. City of Hazen</u>, 189 F.3d 758, 761 (8th Cir. 1999). Under this framework, a plaintiff must first establish a prima facie case of discrimination. <u>Id.</u> The burden then shifts to the defendant to come forward with a legitimate, non-discriminatory reason for the action it took. <u>McDonnell Douglas</u>, 411 U.S. at 802. If the defendant meets its burden, the burden shifts back to the plaintiff to show that the defendant's reason is a pretext for illegal discrimination. <u>Roark</u>, 189 F.3d at 761.

The parties do not dispute that Baker can establish a prima facie case under § 1981. The District Court found, however, that Union had a legitimate, non-discriminatory reason for denying Baker admission to the PA program, and that Baker had failed to show that this reason was in any way pretextual.

The record shows clearly that Baker was not a good student at Union. Indeed, she failed numerous classes and was forced to re-take twelve different courses because she did not receive a sufficient grade. Moreover, she experienced problems with attendance and with submission of assignments in several courses. Of the 43 candidates for the PA program in 2002, Baker's score in each category considered by the admissions committee was at or near the bottom. For example, Baker received 139 points (out of a possible 200) for her cumulative grade point average. Only two other applicants had a lower point total in this category. The record provides ample legitimate, non-discriminatory reasons for the decision to deny Baker admission to the PA program.

Baker attempts to raise the specter of discrimination in several different ways. First, she contends that her academic advisor at Union, Michael Huckabee, coerced her into taking three challenging science courses at once, rather than sequentially as Union policy required. She failed two of the courses and received a "D" in the third. Next, she contends that Mr. Huckabee rigged the interview process and placed himself on the team that interviewed Baker. She also asserts that the interviewers asked her inappropriate questions and that the low score she received on the interview

was a product of the interviewers' racially discriminatory attitudes. Finally, she ascribes nefarious motives to Union's erroneous initial calculation of her grade point average.

Whether Mr. Huckabee did or did not convince Baker to take three science courses in the same semester is of no moment in the Court's analysis. Even if the Court disregards these courses, Baker was still forced to re-take nine courses during her time at Union. She was a poor student, and Mr. Huckabee's advice or lack thereof does not change that fact.

Baker likewise has no evidence from which the Court can infer that the interview process was unfair. Interviews for the PA program are conducted by two of four people. It was a better-than-average chance that Mr. Huckabee would be on the team that interviewed Baker. Baker takes issue with the questions the interviewers asked her, but these questions related to her ability to get along with others and take responsibility for her actions, traits that are of vital interest to a committee evaluating an applicant's success in a demanding medical career. Baker has no evidence, either direct or circumstantial, to show that the interview process was tainted with any sort of discrimination.

Similarly, Baker has failed to show that the grade recalculation is evidence of anything more than a miscommunication. In 2002, Union for the first time decided to join with other PA programs in accepting a common application through the Central Application Service for Physician Assistants ("CASPA"). Initially, CASPA's policy was to count all of an applicant's grades, whether the applicant had re-taken a course or not. Thus, when Union initially calculated Baker's grades, it included all of her grades, and she did not meet the minimum requirements for admission to the PA program. Baker then contacted CASPA and learned that the policy had changed, and that CASPA decided not to count the lower of two grades in any course the applicant had taken twice. Baker notified Union of this change, and Union re-

-4-

calculated Baker's grades. The recalculation resulted in Baker meeting the minimum requirements for admission.

Baker contends that no other applicant's grades had to be recalculated, and that this fact is evidence that Union was trying to keep her out of the program. She fails to show, however, that any other applicant re-took any courses, much less twelve courses. No inference of discrimination can arise from this situation.

Baker has failed to establish that Union's decision to deny her admission to the PA program constituted illegal discrimination. The District Court was correct in granting summary judgment on her § 1981 claim.

## B.    Affidavits and Exhibits

Baker argues that the District Court erred in considering two affidavits submitted by Union, and twenty-two exhibits attached to one of the affidavits. We review a district court's decision to admit or exclude evidence for an abuse of discretion. Beach v. Yellow Freight Sys., 312 F.3d 391, 397 (8th Cir. 2002). Baker does no more than list the paragraphs in the affidavits and the denominations of the exhibits that she contends were admitted in error. She makes no argument regarding specific statements in the affidavits or in the exhibits that she contends were made without personal knowledge and without foundation.

The District Court did not abuse its discretion in considering this evidence. Baker's appeal on this point is denied.

**CONCLUSION**

For all of the above reasons, we conclude that the District Court's decision to grant summary judgment to Union was correct.

Accordingly, we affirm.

_____