# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-1664

_____

Mark Koscielski; Barbara Bergstrom,     *
individually and d/b/a     *
Koscielski's Guns and Ammo,     *
    *    Appeal from the United States
       Plaintiffs/Appellants,     *    District Court for the
    *    District of Minnesota.
     v.     *
    *
City of Minneapolis,     *
    *
       Defendant/Appellee.     *

_____

Submitted: October 13, 2005
Filed: January 25, 2006

_____

Before BYE, BEAM, and SMITH, Circuit Judges.

_____

BYE, Circuit Judge.

Mark Koscielski appeals the district court's[1] grant of summary judgment to the City of Minneapolis (City) on his claims the City's zoning regulation violated the Due Process, Equal Protection, and Takings Clauses. We affirm.

_____

[1] The Honorable Richard H. Kyle, United States District Judge for the District of Minnesota.

I

In 1995, Koscielski leased a site and opened a firearms dealership. Two months after opening his dealership, the City enacted a moratorium prohibiting firearms dealers from locating, relocating, or expanding within the city. The City unsuccessfully attempted to apply the moratorium retroactively against Koscielski. See Koscielski v. City of Minneapolis, No. 3-95-Civ.-954 (D. Minn. Nov. 2, 1995).

The City then enacted zoning ordinances requiring firearms dealers to obtain conditional use permits and locate within particular zones and only in locations sufficiently distant from day care centers and churches. In spite of the ordinance, Koscielski's dealership was grandfathered as a nonconforming use and therefore was permitted to remain even though it was located near both a day care center and a church. In 2002, however, Koscielski's lease was canceled as part of a larger private redevelopment project. Koscielski sought to relocate in accordance with the zoning ordinances, but claims he was unable to do so.

After Koscielski's lease was terminated, he leased a site for his firearms dealership in a zone which, under the zoning ordinances, does not permit firearms retailers. Although Koscielski located his dealership farther from day care centers and churches than his previous site, the City issued a cease and desist order because he located in a zone where firearms retailers were prohibited and did not obtain a variance or rezoning of the site. Koscielski challenged the zoning ordinances on due process, equal protection, and takings grounds, claiming the zoning ordinances impermissibly prohibit firearms retailers from locating within the city. The district court granted the City's motion for summary judgment on all counts and dismissed Koscielski's takings claim without prejudice as not ripe for review. Koscielski brings this appeal arguing the district court committed error by dismissing all his claims.

## II

We review *de novo* a district court's grant of summary judgment, applying the same legal standards used by the district court. Voyageurs Nat'l Park Ass'n v. Norton, 381 F.3d 759, 763 (8th Cir. 2004). Summary judgment is proper when there is "no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c); Employers Mut. Cas. Co. v. Wendland, 351 F.3d 890, 893 (8th Cir. 2003). "We may affirm the district court's grant of summary judgment on any ground supported by the record." Woods v. DaimlerChrysler Corp., 409 F.3d 984, 990 (8th Cir. 2005).

We view the evidence and reasonable inferences drawn therefrom in the light most favorable to the nonmoving party. In re Derailment Cases, 416 F.3d 787, 792 (8th Cir. 2005). An issue of fact is genuine when a "reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). However, "[t]he nonmoving party may not rest on mere allegations or denials, but must show a genuine issue of material fact (or that the movant is not entitled to judgment)." Wenzel v. Mo.-Am. Water Co., 404 F.3d 1038, 1039 (8th Cir. 2005) (internal quotation omitted).

## A

Koscielski asserts an equal protection violation involving neither a suspect classification nor a fundamental right. Accordingly, Koscielski must prove he was treated differently by the government than similarly situated persons and the different treatment was not rationally related to a legitimate government objective. City of Cleburne, Tex. v. Cleburne Living Ctr., 473 U.S. 432, 439-40 (1985); Klinger v. Dep't of Corrections, 31 F.3d 727, 731 (8th Cir. 1994); Bannum, Inc. v. City of St. Charles, 2 F.3d 267, 271 (8th Cir. 1993). To demonstrate this, Koscielski must prove

similarity to other individuals or entities receiving favorable treatment. Carter v. Arkansas, 392 F.3d 965, 968-69 (8th Cir. 2004); Klinger, 31 F.3d at 731.

Koscielski has provided no evidence his firearms dealership is similar to any other firearms dealership receiving favorable treatment. Indeed, the record indicates no other firearms dealerships are located in the city.[2] Similarly, Koscielski has provided no evidence of similarity to other retail establishments to overcome the obvious difference in implications for public safety between gun shops and other retail establishments.[3] Even if firearms dealerships could be considered identical to other retail establishments receiving favorable treatment, because the operation of a firearms dealership is not a constitutionally-protected right, the City ordinance must be upheld "if there is any reasonably conceivable state of facts that could provide a rational basis for the classification." FCC v. Beach Communications, Inc., 508 U.S. 307, 313 (1993); Bannum, 2 F.3d at 271. Indeed, even "[u]nequal application of the regulation in question . . . does not violate equal protection unless there is shown to be present in it an element of intentional or purposeful discrimination." Cent. Airlines, Inc. v. United States, 138 F.3d 334, 335 (8th Cir. 1998) (internal quotation omitted).

---

[2] Koscielski argues the City treats gun shows at the Minneapolis Convention Center, located adjacent to a church, differently than his dealership and such different treatment constitutes "invidious discrimination" among gun dealers. However, Koscielski has failed to establish commercial gun retailers at a particular location are identical to gun retailers at a gun show. Further, Koscielski has failed to provide any evidence of intentional or purposeful discrimination. He merely asserts the knowing unequal application of the zoning ordinance constitutes intentional discrimination. This is insufficient to establish an equal protection violation. See Cent. Airlines, Inc. v. United States, 138 F.3d 334, 335 (8th Cir. 1998) (requiring intentional or purposeful discrimination to establish an equal protection claim).

[3] We take judicial notice the City enacted the challenged zoning ordinances to protect public safety.

Certainly, the implications for public safety warrant regulating and zoning firearms dealerships differently than other retail establishments and gun shows, neither of which stores weapons or ammunition for extended periods of time. Koscielski has failed to undermine this rational basis for the differentiation and therefore has failed "to negate every conceivable basis which might support" the ordinance. Beach Communications, Inc., 508 U.S. at 315 (internal quotation omitted). Further, Koscielski has failed to provide evidence of intentional or purposeful discrimination. Accordingly, the ordinance must be upheld and the district court affirmed.

B

Koscielski argues the city ordinance violates the Due Process Clause because it effectively eliminates the ability of firearms dealerships to relocate within city limits and exists because of the City's antipathy to firearms retailers. Koscielski's argument does not touch on a fundamental right or liberty interest. Accordingly, to prove a due process violation, Koscielski must prove the zoning ordinance is not rationally related to a legitimate government interest. See generally Chesterfield Dev't Corp. v. Chesterfield, 963 F.2d 1102 (8th Cir. 1992). It is undisputed the purpose of the City's zoning ordinance, to protect public safety, is legitimate.

Due process claims involving local land use decisions must demonstrate the "government action complained of is truly irrational, that is something more than . . . arbitrary, capricious, or in violation of state law." Anderson v. Douglas County, 4 F.3d 574, 577 (8th Cir. 1993) (internal quotation omitted). The action must therefore be so egregious or extraordinary as to shock the conscience. See County of Sacramento v. Lewis, 523 U.S. 833, 846-47 (1998); Burton v. Richmond, 370 F.3d 723, 729 (8th Cir. 2004).

Koscielski argues the City ordinance leaves "a tiny handful of parcels in private land, most occupied by existing restaurants and adult entertainment establishments,

not likely to move or become available at anytime in the near future." Appellant's Br. at 17. Taking this statement as true, Koscielski has failed to establish a substantive due process violation.

Koscielski likens his case to Alexander v. City of Minneapolis, 698 F.2d 936 (8th Cir. 1983) (concluding, in an adult entertainment case, a dozen possible locations were inadequate to support 30 relocating businesses), because he suggests the zoning ordinances, which made retail sales of firearms out of residences improper, will force the residential retailers to relocate and therefore demand will greatly exceed supply of locations. Although Koscielski improperly applies the constitutional analysis to his case, his argument nevertheless fails because he has not demonstrated any residential retailers would relocate to a commercial location. Further, the record demonstrates Koscielski was aware of vacant lots meeting the requirements of the zoning ordinances. See App. at 109. Additionally, the City prepared a list of addresses which, under the zoning ordinances, would permit the retail sales of firearms. Although many of these locations were occupied,[4] this evidence is sufficient to demonstrate the existence of potential locations. Even when obligated under a constitutional standard to provide reasonable alternatives, a municipality is not obligated to ensure all interested parties are able to occupy a location for any purpose at any given time. Its obligation extends only so far as to ensure ample possibilities for location exist; Koscielski must then fend for himself in the real estate market. See City of Renton v. Playtime Theatres, Inc., 475 U.S. 41, 53-54 (1986). In a non-constitutional case, there is no such obligation to ensure reasonable alternatives. Upon

---

[4] Koscielski also argues this is disputed by unofficial zoning maps he prepared. He argues "[v]irtually all of the addresses set forth are clearly disqualified under the zoning maps." Appellant's Br. at 7-8 n.4. This assertion, however, leaves open the possibility there exist some addresses meeting the requirements of the zoning ordinances and is insufficient to create a genuine issue of material fact. Further, the geographic information specialist who prepared the maps acknowledges the maps may not be wholly accurate. App. at 105-07.

review of the record, no reasonable juror could conclude the City's zoning ordinance was so irrational and egregious as to shock the conscience.

Koscielski also argues the ordinance was "motivated by a personal and political animus, totally unrelated to any legitimate governmental function," thereby making the ordinance "truly irrational." Appellant's Br. at 22. Although this allegation might support a due process violation, see, e.g., Scott v. Greenville County, 716 F.2d 1409 (4th Cir. 1983), the allegation lacks evidentiary support. Koscielski argues within two months of opening his firearms dealership in 1995, the City passed a moratorium barring all uses within the City and attempted to apply the moratorium retroactively. Koscielski argues when this failed, the City enacted the zoning ordinance designed to prevent the shop from relocating. Koscielski further argues a "city official then directly touted the fact that, as part of a redevelopment plan at Appellant's location the landlord was being required to cancel Appellant's lease." Appellant's Br. at 22-23. Koscielski doesn't, however, suggest the City forced the cancellation of the lease. Koscielski's other evidence is patently insufficient to support a reasonable inference of improper personal or political motives, let alone conscience-shocking behavior. Accordingly, the district court properly dismissed Koscielski's due process claim with prejudice.

C

The district court dismissed Koscielski's federal and state takings claims without prejudice as not ripe for review. Koscielski suggests because the case was removed, the City should be required to waive its ripeness challenge. Koscielski's argument, however, would require the Court to refuse to consider whether it has subject matter jurisdiction over the case and is therefore untenable.

"[I]f a state provides an adequate procedure for seeking just compensation, the property owner cannot claim a violation of the Just Compensation Clause until it has

used the procedure and been denied just compensation." <u>Williamson County Reg'l Planning Comm'n v. Hamilton Bank</u>, 473 U.S. 172, 194-97 (1985). There exists a procedure in Minnesota by which individuals may seek just compensation. <u>See Wilson v. Ramacher</u>, 352 N.W.2d 389, 394 (Minn. 1984). Failure to follow such a procedure or have the Minnesota courts rule an inverse condemnation action may not be brought makes a taking claim not ripe for review by the federal courts. <u>See Kottschade v. City of Rochester</u>, 319 F.3d 1038, 1041 (8th Cir. 2003); <u>Carpenter Outdoor Advertising Co. v. City of Fenton</u>, 251 F.3d 686, 691 (8th Cir. 2001). Therefore, we lack jurisdiction over Koscielski's takings claim. <u>Pub. Water Supply Dist. No. 8 v. City of Kearney</u>, 401 F.3d 930, 932 (8th Cir. 2005). Accordingly, the district court properly dismissed it without prejudice.

We therefore affirm the district court in all respects.

_____