# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 08-1604

_____

| | | |
|---|---|---|
| Suzanne Snaza, | * | |
| | * | |
| Plaintiff – Appellant | * | Appeal from the United States |
| | * | District Court for the |
| v. | * | District of Minnesota. |
| | * | |
| The City of Saint Paul, Minnesota, | * | |
| | * | |
| Defendant – Appellee. | * | |

_____

Submitted: November 14, 2008
Filed: December 4, 2008

_____

Before MURPHY, HANSEN, and RILEY, Circuit Judges.

_____

MURPHY, Circuit Judge.

Suzanne Snaza commenced this action against the City of St. Paul alleging that her constitutional rights to substantive due process, equal protection, and just compensation were violated by denial of her application for a conditional use permit. The district court[1] granted the city's motion for summary judgment. Snaza appeals, and we affirm.

_____

[1]The Honorable Donovan W. Frank, United States District Judge for the District of Minnesota.

In 1999 Snaza's father, Bernard, applied for a conditional use permit from the city planning commission to operate an outdoor auto sales lot on a property at 1229 Payne Avenue in St. Paul, Minnesota. The property is zoned B3, a general business district. Under the city code a particular use of property within any business district will be either permitted, permitted only by obtaining a conditional use permit, or prohibited. See St. Paul Code of Ordinances (Code) §§ 66.101, 66.421.

Outdoor auto sales, auto repair, or auto detailing activities are only permitted on B3 property if the owner obtains a conditional use permit. Code § 66.421. Approval of a conditional use permit application requires certain findings by the planning commission, including that the property conforms to all applicable land use regulations for the proposed use. § 61.501. The commission has discretion to modify those requirements in circumstances which would "unreasonably limit or prevent otherwise lawful use [of the property]...and would result in exceptional undue hardship to the [property] owner. . .; provided, that such modification will not impair the intent and purpose of such special condition and is consistent with health, morals and general welfare of the community and is consistent with reasonable enjoyment of the adjacent property." Code § 61.502.

The land use regulations for an outdoor auto sales lot require among other things that the lot size be at least 15,000 square feet and that any driveway be set back at least 60 feet from an intersection. Code § 65.706. Snaza's property does not meet those requirements since it is only 9,460 square feet and one driveway is 20 feet from an intersection. The planning commission had nevertheless approved Bernard's application for a conditional use permit under § 61.502, after determining that denial of the application would cause him an exceptional undue hardship since he was recovering from a severe illness. In 2002 Bernard applied for a renewed permit which was granted with the modification that "[a]t such time as there is a new owner . . .of this business, a new permit shall be required." Bernard died in 2005, and his daughter Suzanne became the owner of the property.

In June 2005 Snaza applied for a new permit to operate an auto detailing and outdoor auto sales business on the premises under Code § 65.704 (auto specialty store including detailing) and § 65.706 (outdoor auto sales). The city zoning committee held a public hearing on her application, at which the community council for the surrounding neighborhood characterized the property as a nuisance and opposed approval of the permit. The zoning committee also heard complaints that there were more cars on the lot than were allowed under the 2002 permit, that there was a tow truck business operating illegally on the site, and that the back alley was littered with glass from wrecked cars which were also protruding into the alley. The zoning committee recommended that the planning commission deny the permit application.

The planning commission found that the property did not meet the 15,000 square foot minimum lot size requirements for an auto detailing or outdoor auto sales lot under Code § 65.703(c) and § 65.706(d) or the 60 foot driveway setback requirement in § 65.706(b). It concluded that these code requirements would have to be modified in order to approve the permit application and decided not to exercise its discretion under § 61.502 to make such a modification. According to the planning commission, a strict application of the zoning regulations would not unreasonably limit or prevent an otherwise lawful use of the property and would not result in an exceptional undue hardship to Snaza. It also found that the modifications would not be consistent with reasonable enjoyment of the adjacent property, would impair the intent and purpose of the regulations, and would be inconsistent with the health, morals, and general welfare of the community. Snaza appealed the planning commission decision to the St. Paul City Council but withdrew her appeal prior to a hearing because she had accepted a purchase agreement for the property. The council noted the withdrawal of her appeal and upheld the decision of the planning commission.

The purchase agreement dissolved, however, and in 2006 Snaza refiled her permit application. She told the zoning committee that she had been unable to sell the

property because it was not permitted to be used as an outdoor auto sales lot and that she could not afford to keep it and pay taxes on it. While she did not want to operate a business on the property, she needed a permit for the benefit of any potential buyer. The committee recommended denial of the permit after concluding that it did not have enough information about what a prospective owner would want to do with the property and that a new owner's application would have to be considered on its own merits.

The planning commission followed the recommendation and denied the permit since modifying the minimum lot size and driveway setback requirements would frustrate the purpose of the code requirements (to ensure that auto sales activities occur entirely on site to avoid creating problems for adjacent properties) and would be inconsistent with the health, morals, and general welfare of the community. The commission made no finding about whether the denial of the permit would cause Snaza an exceptional undue hardship.

Snaza appealed to the city council, stating that there was no other reasonable use for the property. Not having the permit was a financial hardship for her because she was impeded from selling the lot to the prospective buyer who wanted to run the business as a car lot. She submitted to the city council a tentative purchase agreement and a letter from the potential purchaser indicating his desire and intent to operate the business under the same conditions as the 2002 permit. The city council adopted the findings of the planning commission and affirmed its denial of the permit.

Snaza brought this action in state court, alleging violation of her substantive due process and equal protection rights, illegal taking, and inverse condemnation. The city removed the action to federal court and filed for summary judgment. The district court concluded that Snaza had not identified a protected property interest or improper government action related to the denial of her permit application and that she was not similarly situated to her father Bernard because of his severe illness. It granted

summary judgment on her substantive due process and equal protection claims. The district court concluded that Snaza's takings claim was not ripe because she had not sought and been denied just compensation in a state court inverse condemnation action. The court concluded further that even if her takings claim were ripe, it would fail because an application for a conditional use permit is not a private property interest subject to constitutional takings provisions. Moreover, the city's denial of the permit did not deprive Snaza of all economically beneficial use of the property because it could be used for any number of other permitted activities under Code § 66.421, including a dry cleaner, nursery, office, restaurant, or indoor auto sales shop. The district court then dismissed Snaza's takings claim without prejudice and her remaining claims with prejudice. Snaza appeals. We review a grant of summary judgment de novo, viewing the evidence in the light most favorable to the nonmoving party. Koch v. Sw. Elec. Power Co., 2008 WL 4552957 (8th Cir. 2008).

Under both the constitutions of Minnesota and the United States private property may not be taken without just compensation, U.S. Const. amend. V; Minn. Const. art. I, § 13, and Snaza argues that the district court erred by not reaching her takings claim. She argues that the controlling Supreme Court precedent, Williamson County Reg'l Planning Comm'n v. Hamilton Bank of Johnson City, 473 U.S. 172 (1985), is unworkable and doctrinally unsound. Under Williamson County, a property owner may not bring a federal claim for violation of the Just Compensation Clause until it has exhausted any available state procedure for seeking just compensation and been denied it. 473 U.S. at 195; see also Kottschade v. City of Rochester, 319 F.3d 1038, 1040 (8th Cir. 2003). Minnesota has an adequate procedure in Minn. Stat. § 462.351 subd. 1 by which individuals may seek just compensation in its district courts. Koscielski v. City of Minneapolis, 435 F.3d 898, 903 (8th Cir. 2006).

Although Snaza filed an inverse condemnation claim in state court, she had not completed the required state process before the action was removed to federal court. She claims that Williamson County should not control our analysis because federal

dismissal of her takings claims and a subsequent adverse state court decision may deny her a later federal forum on the constitutional question. We acknowledged these concerns in Kottschade, but declined to reach any potential res judicata or collateral estoppel claim arising from the exhaustion requirement in Williamson County. 319 F.3d at 1042. Williamson County is nevertheless still good law and controls here. See id.

Snaza contends that even if Williamson County is controlling, its holding is prudential rather than jurisdictional and so does not bar us from exercising discretion to decide the takings question now. She cites cases from the Ninth Circuit holding that interests of efficiency or justice may favor addressing a takings claim before state remedies have been exhausted, but we have held that Williamson County is jurisdictional. E.g., Koscielski, 435 F.3d at 903-04 (court lacked jurisdiction over plaintiff's takings claim where just compensation in state court not denied); Public Water Supply Dist. No. 8 of Clay County v. City of Kearney, 401 F.3d 930, 932 (8th Cir. 2005). Accordingly, the district court did not err in concluding that it did not have subject matter jurisdiction over Snaza's takings claim.

Snaza argues that because the city removed her complaint, including her inverse condemnation claim, from state court to federal court, it has waived any ripeness challenge. The same argument was made by the plaintiff in Koscielski and was rejected as untenable because it "would require the Court to refuse to consider whether it has subject matter jurisdiction over the case." 435 F.3d at 903. Although Snaza brought an inverse condemnation claim in state court, her federal takings claim will not be ripe unless and until she is denied just compensation on that state claim. The district court did not err by concluding that Snaza's federal takings claim was not ripe or by dismissing that claim without prejudice.

Snaza also argues that the district court erred in granting summary judgment on her substantive due process claim because the city's claims of inadequate lot size and

complaints about illegal uses of the property were pretextual and inadequate, and the city offered no rational justification for refusing to grant the permit. She argues that the inadequate lot size justification was irrational because the city had previously granted a permit to use the same property as an outdoor auto sales business. The city counters that her permit application was not a property interest to which due process protection applies because her application did not meet all of the requirements for a conditional use permit to be issued as a matter of right.

To prove a due process violation in a local land use decision the plaintiff must identify a protected property interest to which the Fourteenth Amendment's due process protection applies, Bituminous Materials, Inc. v. Rice County, 126 F.3d 1068, 1070 (8th Cir. 1997), and then demonstrate that the government action complained of is "truly irrational, that is something more than. . .arbitrary, capricious, or in violation of state law," Koscielski, 435 F.3d at 902. A protected property interest is a matter of state law involving "a legitimate claim to entitlement as opposed to a mere subjective expectancy." Bituminous Materials, 126 F.3d at 1070 (quotations omitted). A permit applicant may have a legitimate claim to entitlement if the government's discretion is constrained by a regulation or ordinance requiring issuance of a permit when prescribed terms and conditions have been met. See id.

In the district court Snaza argued that she had a protected property interest in her application for a conditional use permit. Approval of a conditional use permit in Minnesota generally follows as a matter of right only if the permit application meets local requirements for issuance. See id.; Mendota Golf, LLP v. City of Mendota Heights, 708 N.W.2d 162, 173 (Minn. 2006); Chanhassen Estates Residents Ass'n v. City of Chanhassen, 342 N.W.2d 335, 340 (Minn. 1984). Here, it is uncontroverted that the property does not meet the minimum lot size and driveway setback requirements in the zoning regulations, Code § 65.706. Accordingly, the district court did not err in concluding that Snaza did not have a legitimate claim of entitlement to a conditional use permit.

On appeal Snaza argues for the first time that her fee simple title in the land is her protected property interest. At no point in the district court proceedings did Snaza allege a violation of her substantive due process rights with regard to her fee simple title in the land. Issues raised for the first time on appeal are generally not considered. See Aaron v. Target Corp., 357 F.3d 768, 779 (8th Cir. 2004). Moreover, Snaza has not presented any evidence that she has been denied her fee simple title in the land. The only evidence presented shows that she was denied a permit to operate an outdoor auto sales lot on the property. As the city points out, there are over 70 principal uses for a property in a B3 zoning district that are allowed without obtaining a conditional use permit. Code § 66.421.

Assuming that she had identified a protected property interest, Snaza argues that the planning commission violated her right to substantive due process because it had no rational basis upon which to deny her permit application. As the district court pointed out, in order to prevail Snaza would have to demonstrate that the city's denial of her permit application was "truly irrational, that is something more than. . .arbitrary, capricious, or in violation of state law. . . . [It] must therefore be so egregious or extraordinary as to shock the conscience." (citations omitted) Snaza argues that it was legal error for the district court to use a "shock the conscience" test because that standard is generally used only in official action cases such as those alleging police abuse. The city counters that the test used by the district court was the same standard used in Koscielski, 435 F.3d at 902, a zoning case. Snaza is correct that this "shock the conscience" language has its genesis in official action cases and frequently is omitted from the traditional "truly irrational" test employed in land use cases, see, e.g., Bituminous Materials, 126 F.3d at 1070, but we need not tarry over that difference in this case because the city's denial was not irrational.

While Snaza argues that the planning commission decision to deny her permit application was irrational because it had granted a permit to her father for the exact same use of the property, we conclude that the district court did not err in concluding

that the commission's choice to refrain from exercising its discretion under Code § 61.502 to modify the standards was rational and not improper. Snaza also argues that because the city knew she was planning to sell the property to new owners, it was not rational to deny her application based on neighborhood opposition and complaints about illegally storing vehicles, performing finishing work, and operating a towing business on the lot. Snaza argues that the planning commission should have granted her alternative request to issue the permit conditioned on sale to new owners. We cannot say that the planning commission's denial of Snaza's application was truly irrational, however, because the property did not conform to the zoning regulations for an outdoor auto sales lot or an auto detailing business.

For these reasons, we affirm the judgment of the district court.

_____