# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 08-3262

_____

| | |
|---|---|
| Harold B. Mason, | * |
| | * |
| Appellant, | * Appeal from the United States |
| | * District Corut for the |
| v. | * Eastern District of Missouri. |
| | * |
| Invision, LLC; Timothy McMahon, | * |
| CEO; S. Eric Westacott, COO; Ja'net | * [UNPUBLISHED] |
| Morgan, Operations Manager, | * |
| | * |
| Appellees. | * |

_____

Submitted: September 22, 2009
Filed:  October 5, 2009

_____

Before MURPHY, COLLOTON, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Harold B. Mason, an African-American male, appeals the district court's[1] dismissal of his Title VII action against his former employer, Invision, LLC (Invision), and several Invision employees.  On appeal, Mason argues that the district court erred in dismissing his complaint.  He has also filed a motion to compel and a motion asking this court to take judicial notice of Missouri employment law.

_____

[1]The Honorable Donald J. Stohr, United States District Judge for the Eastern District of Missouri.

Upon careful review, we affirm because the record established beyond genuine dispute that Invision never had more than fifteen employees. Accordingly, Invision was not an "employer" for purposes of Title VII, Mason could not establish the elements of his claims, and defendants were entitled to judgment as a matter of law. See 42 U.S.C. § 2000e(b) ("employer" defined as person who has fifteen or more employees); Arbaugh v. Y&H Corp., 546 U.S. 500, 516 (2006) (threshold number of employees for application of Title VII is element of plaintiff's claim for relief); Phipps v. FDIC, 417 F.3d 1006, 1010 (8th Cir. 2005) (court may affirm on any basis supported by record); Madewell v. Downs, 68 F.3d 1030, 1048 (8th Cir.1995) (where court converted defendant's request for dismissal into motion for summary judgment, lack of formal notice was harmless because nonmoving party had adequate opportunity to respond to motion, and material facts were neither disputed nor missing from record; plaintiff had constructive notice that court might grant judgment as matter of law); see also Roark v. City of Hazen, Ark., 189 F.3d 758, 761 (8th Cir. 1999) (individual supervisors may not be held liable under Title VII). We also find no merit to Mason's contention that the district court erred in failing to apply Missouri employment-discrimination laws, because his complaint alleged claims under Title VII only.

Accordingly, we deny Mason's pending motions and affirm.

_____