# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 09-2775

———————

Mark E. Eiler,                    *
                                  *
            Appellant,            *
                                  *    Appeal from the United States
    v.                            *    District Court for the
                                  *    District of Minnesota.
City of Kandiyohi, Minnesota,     *
                                  *    [UNPUBLISHED]
            Appellee.             *

———————

Submitted: March 29, 2010
Filed: April 1, 2010

———————

Before MELLOY, BOWMAN, and SMITH, Circuit Judges.

———————

PER CURIAM.


    Mark E. Eiler appeals the district court's[1] adverse grant of summary judgment and denial of preliminary injunctive relief in his 42 U.S.C. § 1983 suit, alleging that the City of Kandiyohi (City) violated substantive due process and the Fifth Amendment's Just Compensation Clause in purchasing land and an apartment building from him. For the following reasons, we affirm the district court's judgment.

_____

    [1]The Honorable Paul A. Magnuson, United States District Judge for the District of Minnesota.

Initially, we conclude that the district court did not abuse its discretion in finding that the summary judgment motion was ripe for adjudication, because Eiler did not make the requisite showing under Federal Rule of Civil Procedure 56(f).  See Roark v. City of Hazen, 189 F.3d 758, 762 (8th Cir. 1999).

We also conclude that the grant of summary judgment was proper.  See Johnson v. City of Shorewood, 360 F.3d 810, 817 (8th Cir. 2004) (de novo review).  The court lacked jurisdiction over the Fifth Amendment claims, because Eiler failed to show that he had exhausted state remedies, see Williamson County Reg'l Planning Comm'n v. Hamilton Bank of Johnson City, 473 U.S. 172, 195 (1985) (property owner may not bring federal claim for violation of Just Compensation Clause until available state procedure for seeking just compensation is exhausted and compensation has been denied); Koscielski v. City of Minneapolis, 435 F.3d 898, 903-04 (8th Cir. 2006) (failure to follow state procedure on taking claim, or to have state court rule on such claim, makes claim not ripe for federal review); and the Fourteenth Amendment substantive due process claim fails for lack of evidence that the City behaved irrationally, see Creason v. City of Washington, 435 F.3d 820, 824 (8th Cir. 2006).  We also find that the court did not abuse its discretion in denying leave to join a new plaintiff and to add new claims, see Popoalii v. Corr. Med. Servs., 512 F.3d 488, 497 (8th Cir. 2008); or in denying a preliminary injunction, see Safety-Kleen Sys., Inc. v. Hennkens, 301 F.3d 931, 935 (8th Cir. 2002).

Accordingly, we affirm the district court's judgment, but we modify the dismissal of Eiler's Fifth Amendment claims to be without prejudice.  We also grant the City's motion to strike documents that Eiler offers for the first time on appeal.

_____