# United States Court of Appeals
## For the Eighth Circuit

_____

No. 15-3885

_____

Nathan C. McGuire

*Plaintiff - Appellant*

v.

Independent School District No. 833; Julie A. Bowlin; Thomas M. Bowlin; Chelon L. Danielson; Joy M. Szondy; Keith Jacobus, in his individual and official capacities; Denise Griffith, in her individual and official capacities

*Defendants - Appellees*

_____

Appeal from United States District Court
for the District of Minnesota - Minneapolis

_____

Submitted: February 9, 2017
Filed: July 24, 2017

_____

Before LOKEN, COLLOTON, and KELLY, Circuit Judges.

_____

KELLY, Circuit Judge.

From 2012 to 2014, Nathan C. McGuire was the head varsity girls' basketball coach at Woodbury High School, a public school within Independent School District No. 833 (the District) in Woodbury, Minnesota. In March 2014, the South Washington County School Board (the School Board) decided not to renew

McGuire's coaching contract for the following school year. McGuire brought suit, alleging that the District and two of its employees violated his due process rights by declining to renew his contract solely on the basis of parent complaints. The district court[1] granted a motion for judgment on the pleadings and dismissed McGuire's due process claims. We affirm, finding that the 2013 amendment to Minnesota Statue § 122A.33 does not grant McGuire a property interest in the renewal of his coaching contract.

## I. Background

For purposes of this appeal, we accept as true the following factual allegations which come from the second amended complaint. Ashley Cty. v. Pfizer, Inc., 552 F.3d 659, 665 (8th Cir. 2009). The District hired McGuire in fall 2012 as the varsity girls' basketball coach at Woodbury High School. During the 2012–2013 basketball season, McGuire and the coaching staff decided not to include a student on the team roster for a tournament because she acted disrespectfully toward a referee. The student's mother, defendant Joy Szondy, along with another player's parent, defendant Chelon Danielson, complained to the school, claiming the coaching staff lied about the student's behavior. The following year, another student's parents, defendants Julie and Tom Bowlin, complained to the school and the District because their daughter was not getting enough playing time on the team. According to the complaint, the parents demanded that McGuire be removed as head girls' basketball coach. The Bowlins' daughter subsequently transferred to another high school. Szondy, Danielson, and the Bowlins (collectively, the parent defendants) continued

---

[1]The Honorable Richard H. Kyle, United States District Judge for the District of Minnesota.

to seek McGuire's removal even after their daughters were no longer playing on the team.[2]

On January 8, 2014, the Woodbury High School principal notified McGuire that he was being placed on paid, non-disciplinary leave pending the outcome of an investigation into allegations against him, and that he would not be permitted to perform his coaching duties until further notice. McGuire alleges that he was placed on leave solely because of the complaints from the parent defendants. The District retained a law firm to conduct the investigation, and an attorney interviewed players, coaches, parents, and McGuire. McGuire alleges that the investigation was conducted to "give the appearance of compliance" with the law. Following the investigation, the attorney prepared a report and provided it to the District. Despite his requests, McGuire claims he has not been provided a copy of the report, nor has he been informed of the allegations against him, the identity of the persons who made the allegations, or the evidence supporting them.

On January 31, 2014, the principal notified McGuire that his administrative leave would continue until his current contract expired on March 22, 2014. At its March 6, 2014, meeting, the School Board approved the non-renewal of McGuire's contract. McGuire received a letter from the principal on March 14, 2014, notifying him of the decision. The letter stated the decision "is based on the results of a recent investigation and is not based solely on parent complaints." It provided several reasons for non-renewal, including that McGuire "failed to meet the administration's expectations;" that the administration "would like the Woodbury Girls' Basketball program to move in a different direction;" and that McGuire's "leadership style, coaching philosophy, conduct, and coaching methods differ from the leadership style,

[2]In January 2014, the parent defendants filed complaints against McGuire with the Minnesota Department of Education alleging maltreatment of their daughters. The complaint states that after an investigation, McGuire was found not culpable for the alleged student maltreatment.

coaching philosophy, conduct, and coaching methods that are desired by the administration." Despite the reasons given, the complaint alleges that the District defendants actually decided not to renew McGuire's contract based solely on the existence of parent complaints.

McGuire requested a hearing before the School Board. The District notified him that he was not entitled to an evidentiary hearing, but he could address the members of the School Board at a meeting. On May 8, 2014, McGuire made a statement before the School Board, explaining that he felt the reasons for non-renewal were unjustified, unsupported, and based solely on parent complaints. McGuire also presented 19 statements from players, parents, and coaches, who supported him and his assertion that parent complaints were the most credible explanation for the non-renewal of his contract. Over the objection of one Board member, the School Board did not take any action on McGuire's contract.

In December 2014, McGuire brought suit against the District, the superintendent, the human resources director, and the parent defendants. In the second amended complaint, McGuire states six claims for relief. The first and second counts were brought under 42 U.S.C. § 1983 against the District and its employees, respectively, for violations of McGuire's procedural due process rights. The remaining four counts were state statutory and common law claims. The District, superintendent, and human resources director (collectively, the District defendants) moved for judgment on the pleadings as to counts one and two, arguing that McGuire does not have a constitutionally protected property interest in the renewal of his coaching contract. The district court granted the motion, dismissed counts one and two with prejudice, and declined to exercise supplemental jurisdiction over the remaining state law claims. McGuire appeals the district court's grant of the motion.

## II. Discussion

McGuire argues that Minnesota Statute § 122A.33 creates a property interest in the renewal of his contract as the head girls' basketball coach when the sole basis for non-renewal was the existence of parent complaints. The determination of whether there exists a constitutionally protected property interest is an issue of law we review de novo. Buchanan v. Little Rock Sch. Dist. of Pulaski Cty., 84 F.3d 1035, 1038 (8th Cir. 1996). We also review a grant of a motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) de novo. Montin v. Moore, 846 F.3d 289, 293 (8th Cir. 2017).

In relevant part, Minnesota Statute § 122A.33 states:

> **Subd. 2. Annual contract.** Notwithstanding section 122A.58, a person employed as a head varsity coach has an annual contract as a coach that the school board may or may not renew as the board sees fit.
>
> **Subd. 3. Notice of nonrenewal; opportunity to respond.** A school board that declines to renew the coaching contract of a licensed or nonlicensed head varsity coach must notify the coach within 14 days of that decision. If the coach requests reasons for not renewing the coaching contract, the board must give the coach its reasons in writing within ten days of receiving the request. The existence of parent complaints must not be the sole reason for a board not to renew a coaching contract. Upon request, the board must provide the coach with a reasonable opportunity to respond to the reasons at a board meeting. The hearing may be opened or closed at the election of the coach unless the board closes the meeting under section 13D.05, subdivision 2, to discuss private data.

In 2010, the Minnesota Court of Appeals held that an earlier version of this statute did not give a coach a property interest in the renewal of his or her contract once it expired. See Christopher v. Windom Area Sch. Bd., 781 N.W.2d 904, 911 (Minn. Ct. App. 2010) ("Because relator's coaching job was by annual appointment, consistent with Minn. Stat. § 122A.33, any property interest that he had in his coaching job ended when his annual coaching contract ended, and any interest in a future appointment was a mere expectancy not subject to due process protection."). In 2013, following the Christopher decision, the Minnesota legislature added a sentence to Section 122A.33, Subdivision 3: "The existence of parent complaints must not be the sole reason for a board not to renew a coaching contract." 2013 Minn. Sess. Law Serv. ch. 116, sec. 14, § 122A.33, subd. 3 (West). McGuire argues that the 2013 amendment set forth a substantive limit on the District's discretion to renew his contract, giving him a property interest in renewal.

"To have a constitutionally cognizable property interest in a right or a benefit, a person must have 'a legitimate claim of entitlement to it.'" Austell v. Sprenger, 690 F.3d 929, 935 (8th Cir. 2012) (quoting Bd. of Regents v. Roth, 408 U.S. 564, 577 (1972)). "Property interests are not created by the Constitution, 'they are created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law . . . .'" Cleveland Bd. of Educ. v. Loudermill, 470 U.S. 532, 538 (1985) (alteration in original) (quoting Roth, 408 U.S. at 577). But "federal constitutional law determines whether that interest rises to the level of a legitimate claim of entitlement protected by the Due Process Clause." Town of Castle Rock v. Gonzales, 545 U.S. 748, 757 (2005) (emphasis and internal quotations omitted). "We have held that a state statute . . . can create a constitutionally protected property interest, first, when it contains particularized substantive standards that guide a decision maker and, second, when it limits the decision maker's discretion by using mandatory language (both requirements are necessary)." Dunham v. Wadley,

195 F.3d 1007, 1009 (8th Cir. 1999) (citing <u>Jennings v. Lombardi</u>, 70 F.3d 994, 995–96 (8th Cir. 1995)).[3]

McGuire argues the 2013 amendment creates a protected property interest because it sets a substantive standard for the School Board to follow, not a procedural one. <u>See</u> <u>Dunham</u>, 195 F.3d at 1009 ("Statutes or policies that are only procedural . . . do not create protected property interests."). Although the amendment appears in a procedural subsection of the statute, at least one Minnesota court implicitly concluded that it creates a substantive standard. <u>See</u> <u>Thiel v. Indep. Sch. Dist. No. 803</u>, No. A16-0753, 2017 WL 74390, at *2–4 (Minn. Ct. App. Jan. 9, 2017) (unpublished). We need not decide the issue, however, because we conclude that the 2013 amendment does not create a protected property interest because it does not sufficiently limit the decision maker's discretion.

To constitute a protected property interest, the School Board's discretion must be limited such that the amendment "mandat[es] the outcome to be reached upon a finding that the relevant criteria have been met." <u>Ky. Dep't of Corr. v. Thompson</u>, 490 U.S. 454, 462 (1989). Where state law gives an employee a "mere subjective expectancy" of continued employment, a property interest does not arise. <u>Batra v. Bd. of Regents</u>, 79 F.3d 717, 720 (8th Cir. 1996); <u>accord</u> <u>Snaza v. City of Saint Paul</u>, 548

---

[3]The District defendants argue that McGuire's "Statement of the Issue" addresses only the second requirement of the property interest test; thus, his arguments regarding the first requirement in the substance of the brief "are outside the scope of this appeal." We reject the District defendants' overly formalistic argument, and consider the ultimate question raised in McGuire's Statement of the Issue, namely whether "McGuire has a constitutionally protected property interest in continued employment as a coach?" <u>Cf.</u> <u>Modern Leasing, Inc. of Iowa v. Falcon Mfg. of Cal., Inc.</u>, 888 F.2d 59, 61 (8th Cir. 1989) (rejecting argument that appeal should be dismissed because it omitted the statement of issues because it is "excessively technical, goes to a matter that is not jurisdictional, and presents no grounds for dismissal of the cross-appeal").

F.3d 1178, 1182–83 (8th Cir. 2008). In other words, for McGuire to have a legitimate claim of entitlement to the renewal of his contract, he must show that the 2013 amendment does not leave "considerable discretion" in the hands of the School Board. McDonald v. City of Saint Paul, 679 F.3d 698, 705 (8th Cir. 2012).

Here, Subdivision 2 of Minnesota Statute § 122A.33 gives the School Board unfettered discretion to refuse to renew a coach's contract. See Minn. Stat. Ann. § 122A.33, subd. 2 ("[A] person employed as a head varsity coach has an annual contract as a coach that the school board may or may not renew as the board sees fit."). Assuming it is substantive, the 2013 amendment only prohibited the School Board from basing its renewal decision solely on "the existence of parent complaints." See id., subd. 3. This single limit on the reasons for non-renewal still "leav[es] the particular substantive outcome in each case to the sound discretion of" the School Board. Forrester v. Bass, 397 F.3d 1047, 1056 (8th Cir. 2005). Even if McGuire could establish beyond doubt that the School Board's decision not to renew his contract was based solely on the existence of parent complaints, the School Board could decline to renew his contract anyway, for a different reason, or no reason at all. Because Section 122A.33 in its entirety leaves the School Board with considerable discretion to renew a coach's contract and provided McGuire only with "possibility that he would be reappointed," Mulvenon v. Greenwood, 643 F.3d 653, 658 (8th Cir. 2011), no property interest lies. Cf. Stevenson v. Blytheville Sch. Dist. # 5, 800 F.3d 955, 969 (8th Cir. 2015) ("[A]lthough the 2013 Act prohibited nonresident school districts from considering certain characteristics of an applicant, it still invested the nonresident school district with the discretion to decide whether to accept a student seeking transfer," and thus created no protected property interest in "the possibility of transfer to another district"); Wallace v. Robinson, 940 F.2d 243, 248 (7th Cir. 1991) (en banc) (holding that a rule that permitted the warden to change a prisoner's job assignment for any reason except for misconduct "put restrictions on only one ground of action," leaving "the remaining field of discretion . . . so large that no

prisoner has a legitimate claim of entitlement to a particular job placement, no matter what the facts may be").

Accordingly, because McGuire has not demonstrated that the 2013 amendment to Minnesota Statute § 122A.33 gives him a protected property interest in the renewal of his coaching contract, his procedural due process claims necessarily fail.

### III. Conclusion

For the foregoing reasons, we affirm the judgment of the district court.

COLLOTON, Circuit Judge, concurring in the judgment.

I do not join the court's reliance on *Stevenson v. Blytheville School District #5*, 800 F.3d 955 (8th Cir. 2015), but otherwise agree with the opinion. Even this court's broadest recognition of a constitutionally protected property interest in the employment context, *Rogers v. Masem*, 788 F.2d 1288 (8th Cir. 1985), involved a state statute with criteria that "significantly guide[d] decisionmakers' discretion." *Id.* at 1294. The Minnesota statute at issue here does not significantly guide or constrain the school board's discretion. Indeed, although a school board is forbidden to decline renewal of a coaching contract based solely on the *existence* of parental complaints, it may act based on the *substance* of those complaints, *Thiel v. Indep. Sch. Dist. No. 803*, No. A16-0753, 2017 WL 74390, at *4 (Minn. Ct. App. Jan. 9, 2017), or for any other reason. State law therefore does not grant Mr. McGuire a constitutionally protected property interest in continued employment.

_____