Rebecca Goodgame Ebinger, United States District Judge
I. INTRODUCTION
In May 2017, Iowa enacted legislation permitting the sale and use of consumer fireworks for two designated periods each year. Shortly thereafter, several Iowa cities enacted various ordinances regulating firework sales. A Nebraska corporation in the business of selling fireworks, Bellino Fireworks, Inc., brings this lawsuit against four cities requesting declaratory judgments that their ordinances are preempted by Iowa law, alleging the ordinances violate 42 U.S.C. § 1983, and contending the cities interfered with Bellino's contracts and prospective business relationships.
*1078 The City of Ankeny, the City of Boone, the City of Johnston, and the City of Pleasant Hill[1] ask the Court to grant summary judgment in their favor. Ankeny & Pleasant Hill's Mot. Summ. J., ECF No. 54; Boone & Johnston's Mot. Summ. J., ECF No. 57. They assert Bellino's claims fail because their ordinances are not preempted and Bellino does not demonstrate any material disputes as to the necessary elements of its § 1983 and tortious interference claims. Bellino requests partial summary judgment in its favor, contending the Cities' regulations are preempted by state law and the Court should find in its favor on the declaratory judgment counts. ECF No. 56. The Cities also request the Court either continue the trial or bifurcate the trial on the declaratory judgment action from the trial on damages. ECF Nos. 85 & 87.
As further explained below, the Court grants the Cities' motions for summary judgment, and denies Bellino's Motion for Partial Summary Judgment and the Cities' Motion to Continue or Bifurcate. The Cities' Ordinances are not preempted and summary judgment in the Cities' favor as to the declaratory judgment counts is thus appropriate. Bellino lacks standing to challenge the miscellaneous portions of the Cities' codes because it has not alleged it was injured by these provisions and fails to present an actual controversy. There are no genuine issues of material fact as to whether the Cities committed any substantive due process violations. Additionally, summary judgment in the Cities' favor on the tortious inference with contract and tortious interference with prospective business relationship claims is appropriate because the Cities' interference was not improper and, alternatively, the Cities are entitled to immunity under the discretionary function exception. Because the Court rules in the Cities' favor as to all claims, it does not consider the arguments regarding punitive damages and finds the Cities' motions to continue or bifurcate the trial are moot.
II. SUMMARY OF RELEVANT FACTS
The Court set forth the relevant facts in its Order granting in part and denying in part Bellino's Motion for a Preliminary Injunction. ECF No. 23 at 2-5. Since that time, the Cities' Ordinances have been amended, the Senate File has been codified, and Bellino has amended its complaint. Accordingly, the Court recites the relevant facts at this juncture. In large part, the parties agree there are no material facts in dispute.
On May 9, 2017, the Governor of Iowa signed into law Senate File 489 (SF 489), amending the Iowa Code to allow for the possession, sale, transfer, purchase, and use of consumer fireworks in the State of Iowa. 2017 Iowa Legis. Serv. Ch. 115 (S.F. 489) (West) (codified at Iowa Code §§ 100.1(4), 100.1(8), 100.19, 100.19A, 101A.1, 331.301(17), 331.304(8), 364.2(6), 461A.42(2), & 727.2 ); Bellino's App. Supp. Bellino's Mot. Partial Summ. J., at App. 1-12, ECF No. 56-3. The law regulates the sale and use of consumer fireworks, such as licensing procedures for wholesalers and retailers, limitations on the dates fireworks may be sold and used, and penalties. All consumer firework retailers are required to possess a license issued by the state fire marshal. SF 489 § 3 (codified at Iowa Code § 100.19 ).[2] Licensing criteria *1079 include adherence to national firework-safety standards, possession of specified amounts of insurance, and restrictions on sale times. Id.
Sales are permitted only during two specific time periods-June 1 to July 8, and December 10 to January 3. Id. (codified at Iowa Code § 100.19(4)(c) ). The same time and date restrictions apply to the public's use of fireworks. Id. § 10 (codified at Iowa Code § 727.2(4) ). In addition, there are penalties for selling fireworks to a person under eighteen years of age or using fireworks in contravention of an order by the state fire marshal. Id. (codified at Iowa Code § 727.2(3) ); see also Iowa Admin. Code r. 661-265.10.
On May 26, 2017, and as directed by the legislature in SF 489, the state fire marshal adopted emergency rules to regulate fireworks in Iowa. ECF No. 56-3 at App. 18-35 (the Emergency Rules); see also Iowa Admin. Code r. 661-265.1 - .51 (titled Consumer Fireworks Sales, Licensing, and Safety Standards). The Emergency Rules became effective on May 31, 2017. ECF No. 56-3 at App. 19. Effective February 21, 2018, the Emergency Rules became permanent. Iowa Admin. Code r. 661-265.1 - .51 ; see also Bellino's Surreply Supp. Mot. Partial Summ. J., ECF No. 89 (acknowledging and appending the permanent rules); Bellino's Third Suppl. App. Supp. Bellino's Mot. Partial Summ. J., ECF No. 89-1. Among other provisions, the state fire marshal's rules establish the permitted selling periods, requirements for consumer fireworks retailers, applicable licensing fees, and possible penalties for violations. See Iowa Admin. Code r. 661-265.1 - .51
Bellino contends the Ordinances are not only preempted by SF 489, but also by House File 295 (HF 295). See Am. Compl. ¶ 1, ECF No. 45; 2017 Iowa Legis. Serv. H.F. 295 (West). Enacted March 30, 2017, HF 295 restricts counties' and cities' regulation of "consumer merchandise." ECF No. 45 ¶¶ 17-19. It is not fireworks-specific. House File 295 provides in pertinent part: "A city [or county] shall not adopt an ordinance, motion, resolution, or amendment that sets standards or requirements regarding the sale or marketing of consumer merchandise that are different from, or in addition to, any requirement established by state law." HF 295 § 3 (codified at Iowa Code § 364.3(3)(c) ).
Senate File 489 provides Iowa cities "may by ordinance or resolution prohibit or limit the use of consumer fireworks, display fireworks, or novelties." SF 489 § 8 (codified at Iowa Code § 364.2(6) ); see also Iowa Code § 331.301(17) (providing the same power to a board of supervisors). In response to SF 489, the Cities each enacted ordinances to regulate the sale of fireworks within their city limits. ECF No. 45 ¶¶ 34, 48, 58-59, 71.
Ankeny's Ordinance 1925-which amended Ordinance 1917-is currently in effect and "governs fireworks sales." Ankeny & Pleasant Hill's Ans. to Am. Compl. ¶ 36, ECF No. 50; Bellino's Statement Undisputed Material Facts Supp. Bellino's Mot. Partial Summ. J. ¶ 59, ECF No. 56-1 (acknowledging the City of Ankeny passed Ordinance 1925 in October 2017); see also Bellino's Ex. 7 Supp. Am. Compl., ECF No. 45-7 (setting forth Ordinance 1917). Ordinance 1925 limits fireworks sales to heavy industrial (M-2) districts. See Ankeny & Pleasant Hill's Ex. A Supp. Ans. to Am. Compl., ECF No. 50-1 (setting forth Ordinance 1925).
Boone's Ordinance 2237 eliminates the prior total ban on fireworks sales. Compare ECF No. 56-3 at App. 64-65, with Bellino's Ex. 9 Supp. Compl., ECF No. 1-10 (setting forth the prior version of Boone City Code § 41.12, which stated "[i]t is unlawful for any person to offer for sale, *1080 expose for sale, sell at retail, or use or explode any fireworks"). The parties do not dispute Boone's current ordinance limits the sale of fireworks to industrial and commercial zones. Bellino's Resp. Boone & Johnston's Statement Undisputed Material Facts ¶ 36, ECF No. 74-2 (agreeing "Boone has allowed state-licensed consumer firework retailers to operate in industrial or commercial zones" but responding Boone only allowed Bellino to operate for a few days during the summer 2017 selling season).[3] Boone's City Code Chapter 175 sets forth standards for commercial and industrial districts. ECF No. 56-3 at App. 66-96.
Johnston Ordinance 979 amends the Johnston City Code and eliminates Johnston's prior total ban on fireworks sales. See Boone & Johnston's Statement Undisputed Material Facts Supp. Boone & Johnston's Mot. Summ. J. ¶ 26, ECF No. 57-1; ECF No. 74-2 ¶ 26; see also Boone & Johnston's Second Suppl. App. Supp. Resist. Bellino's Mot. Partial Summ. J. 001-002, ECF No. 80-2 (setting forth the prior version of Johnston City Code § 41.12). Ordinance 979 states it is "unlawful without a state issued license and a city issued Certificate of Zoning Compliance for any person to offer for sale, consumer fireworks within the corporate limits of the city." ECF No. 56-3 at App. 99. The procedure for obtaining a Certificate of Zoning Compliance is set forth in Johnston Code section 166.05. Id. at 103-04.
Pleasant Hill's Ordinance 836 limits "[t]he sale or display of fireworks" to "[industrial] zoning districts." Ankeny & Pleasant Hill's App. Supp. Ankeny & Pleasant Hill's Mot. Summ. J. APHA 46, ECF No. 54-2. The Ordinance amends a prior ordinance banning the sale of fireworks. Compare ECF No. 54-2 at APHA 42-44 (Ordinance 827), and Bellino's Ex. 22 Supp. Am. Compl., ECF No. 45-22 (Ordinance 833), with ECF No. 54-2 at APHA 45-47 (Ordinance 836).[4] The Court refers to the four ordinances currently in effect-Ankeny Ordinance 1925, Boone Ordinance 2237, Johnston Ordinance 979, and Pleasant Hill Ordinance 836-collectively as "the Ordinances."
Soon after SF 489's passage in May 2017, Bellino Fireworks, Inc., applied for *1081 licenses to sell consumer fireworks during the 2017 Fourth of July season. ECF No. 45 ¶ 3. Bellino is a Nebraska corporation in the business of retail fireworks sales. Id. ¶ 10. Bellino received licenses from the state fire marshal to sell fireworks in the Cities of Ankeny, Boone, Johnston, and Pleasant Hill. See id. ¶¶ 40, 51, 63, 75; see also ECF No. 56-3 at App. 48-50 (Ankeny licenses); ECF No. 56-3 at App. 51 (Boone license); ECF No. 56-3 at App. 52 (Johnston license); ECF No. 56-3 at App. 53 (Plesant Hill license). Bellino also signed leases with third parties in each of the Cities to operate temporary sales structures at various locations. ECF No. 45 ¶¶ 41, 52, 64, 76. Bellino's amended complaint asserts four claims against each of the Cities: a request for a declaratory judgment, a claim alleging a violation of Bellino's substantive due process rights in violation of § 1983, a claim for tortious interference of contract, and a claim for tortious interference of prospective business relationships. See generally ECF No. 45.
Four days after filing this suit, Bellino requested a preliminary injunction against the Cities. ECF No. 8. After a hearing, the Court denied in part and granted in part Bellino's motion. ECF No. 23. The Court granted the injunction as to Ankeny's requirement for a special use permit, Boone's temporary structures ban, Johnston's temporary use permit, and Pleasant Hill's temporary structures ban, special sales permit requirement, and additional insurance coverage requirements. Id. at 40. The Court declined to enjoin Ankeny and Pleasant Hill's zoning ordinances. Id. at 40-41. Thereafter, the Cities each amended or replaced their ordinances.
The parties have filed cross-motions for summary judgment. ECF Nos. 54, 56, 57. These motions came before the Court for hearing on January 25, 2018. Hr'g Mins. Mots. Summ. J., ECF No. 91. Attorneys Hugh Cain and Eric Updegraff appeared on behalf of Ankeny and Pleasant Hill. Id. Attorneys Janice Thomas, Timothy Lillwitz, and Stephanie Koltookian appeared on behalf of Boone and Johnston. Id. Attorneys Timothy Hill and David Caves appeared on behalf of Bellino Fireworks, Inc. Id. Trial has been continued until November 19, 2018. Scheduling Order, ECF No. 95.
III. SUMMARY JUDGMENT STANDARD
Under Federal Rule of Civil Procedure 56(c), the Court must grant a party's motion for summary judgment if there are no genuine issues of material fact in dispute and the moving party is entitled to judgment as a matter of law. Celotex Corp. v. Catrett , 477 U.S. 317, 322-23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). A genuine factual issue exists where the issue "can be resolved only by a finder of fact because [it] may reasonably be resolved in favor of either party." Anderson v. Liberty Lobby, Inc. , 477 U.S. 242, 250, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). "On a motion for summary judgment, 'facts must be viewed in the light most favorable to the nonmoving party only if there is a "genuine" dispute as to those facts.' " Ricci v. DeStefano , 557 U.S. 557, 586, 129 S.Ct. 2658, 174 L.Ed.2d 490 (2009) (quoting Scott v. Harris , 550 U.S. 372, 380, 127 S.Ct. 1769, 167 L.Ed.2d 686 (2007) ). "Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge." Anderson , 477 U.S. at 255, 106 S.Ct. 2505. "Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." Torgerson v. City of Rochester , 643 F.3d 1031, 1042-43 (8th Cir. 2011) (quoting *1082 Matsushita Elec. Indus. Co. v. Zenith Radio Corp. , 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986) ).
To defeat a motion for summary judgment, the non-moving party "may not rest upon the mere allegations or denials of his pleading, but ... must set forth specific facts showing that there is a genuine issue for trial." Anderson , 477 U.S. at 248, 106 S.Ct. 2505 (omission in original) (quoting a prior version of Fed. R. Civ. P. 56(e) ). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." Id.
IV. DISCUSSION
Bellino requests partial summary judgment in its favor on its declaratory judgment claims. ECF No. 56. The Cities request summary judgment in their favor as to all claims. ECF Nos. 54, 57. The Court first addresses the parties' arguments as to the declaratory judgment claims. The Court concludes there are no material facts in dispute as to the declaratory judgment claims and judgment in the Cities' favor is appropriate. The Cities' Ordinances currently in effect are not preempted by state law. Additionally, Bellino lacks standing to challenge the other provisions of the Cities' codes because it does not allege an actual controversy for the Court to resolve. Second, the Court addresses Bellino's § 1983 claims against the Cities. The Court concludes the § 1983 claims fail because Bellino does not allege a substantive due process violation sufficient to support such claims. Lastly, the Court concludes there are no material facts in dispute supporting Bellino's tortious interference claims because the Cities' actions were not improper and, alternatively, the Cities are immune. Because the Court resolves these claims in the Cities' favor, Bellino's punitive damages claims are moot. The Cities' motions to continue or bifurcate the trial are also moot.
A. Declaratory Judgment Claims (Counts I, V, IX, XIII)
All parties request summary judgment as to Bellino's declaratory judgment claims. Bellino asserts the Cities' Ordinances impermissibly regulate the sale of consumer fireworks because state law preempts the Ordinances. ECF No. 45 ¶¶ 83-86, 107-110, 131-34, 155-58. The Cities argue state law does not preempt their Ordinances. Ankeny & Pleasant Hill's Br. Supp. Ankeny & Pleasant Hill's Mot. Summ. J. 8-18, ECF No. 63; Boone & Johnston's Br. Supp. Boone & Johnston's Mot. Summ. J. 23-29, ECF No. 64; Ankeny & Pleasant Hill's Br. Supp. Resist. Bellino's Mot. Partial Summ. J. 5-24, ECF No. 71-1; Boone & Johnston Br. Resist. Bellino's Mot. Partial Summ. J. 5-19, ECF No. 72.[5]
In 1968, Iowa amended its constitution to recognize the concept of legislative "home rule." Madden v. City of Iowa City , 848 N.W.2d 40, 49 (Iowa 2014). The home rule amendment of the Iowa Constitution states:
Municipal corporations are granted home rule power and authority, not inconsistent with the laws of the general assembly, to determine their local affairs and government .... The rule or proposition *1083 that a municipal corporation possesses and can exercise only those powers granted in express words is not a part of the law of this state.
Iowa Const. art. III, § 38A ; see also Iowa Code § 364.2(2) ("The enumeration of a specific power of a city does not limit or restrict the general grant of home rule power conferred by the Constitution of the State of Iowa. A city may exercise its general powers subject only to limitations expressly imposed by a state or city law."). Thus, in Iowa, "municipalities ordinarily have the power to determine local affairs as they see fit unless the [Iowa] legislature has provided otherwise." Madden , 848 N.W.2d at 49. The legislature may "provide[ ] otherwise" by enacting laws that "preempt" municipalities' authority over certain matters. Id. "The preemption doctrine dictates that municipalities cannot act if the legislature has directed otherwise." Hensler v. City of Davenport , 790 N.W.2d 569, 585 (Iowa 2010) ; accord Mall Real Estate, L.L.C. v. City of Hamburg , 818 N.W.2d 190, 195 (Iowa 2012) ("[U]nder legislative home rule, the legislature retains the unfettered power to prohibit a municipality from exercising police powers, even over matters traditionally thought to involve local affairs." (quoting City of Davenport v. Seymour , 755 N.W.2d 533, 538 (Iowa 2008) ) ).
The Iowa Supreme Court has recognized different forms of preemption: express preemption and implied preemption, which includes conflict preemption and field preemption. Mall Real Estate , 818 N.W.2d at 195 ; Madden , 848 N.W.2d at 48. "Express preemption applies when the legislature has explicitly prohibited local action in a given area." Mall Real Estate , 818 N.W.2d at 195 (quoting Hensler , 790 N.W.2d at 585 ). "In cases involving express preemption, the specific language used by the legislature ordinarily provides the courts with the tools necessary to resolve any remaining marginal or mechanical problems in statutory interpretation." Seymour , 755 N.W.2d at 538.
For conflict preemption to apply, an "ordinance must be 'irreconcilable' with state law." Madden , 848 N.W.2d at 49 (quoting Hensler , 790 N.W.2d at 585 ). In determining whether state law and a municipal ordinance are "irreconcilable," a court must consider whether "the ordinance cannot exist harmoniously with a state statute because the ordinance is diametrically in opposition to it." Seymour , 755 N.W.2d at 538. Similarly stated, the Iowa Supreme Court has interpreted "irreconcilable" as meaning "the conflict must be unresolvable short of choosing one enactment over the other." Id. at 541. "The legal standard for [conflict preemption's] application is demanding." Id. at 539.
Preemption under the doctrine of field preemption "occurs when the legislature has 'so covered a subject by statute as to demonstrate a legislative intent that regulation in the field is preempted by state law.' " Hensler , 790 N.W.2d at 585 (quoting Seymour , 755 N.W.2d at 539 ). "[T]he test for field preemption is stringent. Extensive regulation of area alone is not sufficient." Seymour , 755 N.W.2d at 539 ; accord Hensler , 790 N.W.2d at 585-86. Instead, "there must be some clear expression of legislative intent to preempt a field from regulation by local authorities, or a statement of the legislature's desire to have uniform regulations statewide." Hensler , 790 N.W.2d at 586 (quoting Seymour , 755 N.W.2d at 539 ).
In ruling on Bellino's motion for a preliminary injunction, the Court considered whether SF 489 and HF 295 preempt the Cities' Ordinances under the likelihood of success on the merits prong. ECF No. 23 at 6-34. The Court concluded Bellino was likely to succeed as to its claims challenging:
*1084 "1) Boone's and Pleasant Hill's temporary-structures bans, 2) Ankeny's, Johnston's, and Pleasant Hill's additional permit requirements, and 3) Pleasant Hill's insurance requirements." Id. at 33. The Court found these ordinances were likely expressly preempted under HF 295 or preempted by the doctrine of conflict preemption. Id. at 16-24. The Court also concluded "Bellino [was] unlikely to succeed on the merits of its claim field preemption prohibits the cities from regulating consumer merchandise or fireworks." Id. at 15. Additionally, the Court held Bellino was "unlikely to succeed on the merits of its claims challenging Ankeny's and Pleasant Hill's zoning ordinances." Id. at 33. The Court emphasized these findings were not binding. Id. at 34 (citing Univ. of Tex. v. Camenisch , 451 U.S. 390, 395, 101 S.Ct. 1830, 68 L.Ed.2d 175 (1981) ).
The Court addresses the declaratory judgment claim for each of the Cities individually and concludes the Ordinances are not preempted and thus the Cities are entitled to summary judgment in their favor on those counts. The Court also holds Bellino does not have standing to challenge the miscellaneous portions of the Cities' Ordinances as Bellino does not present an actual controversy based on any concrete injury.
1. Ankeny (Count I)
The Court first notes any challenges to Ankeny's Ordinance 1917 are moot because Ordinance 1925 repealed Ordinance 1917. Ankeny & Pleasant Hill's Statement Undisputed Material Facts Supp. Ankeny & Pleasant Hill's Mot. Summ. J. ¶¶ 4-7, ECF No. 54-1; Bellino's Resp. Ankeny & Pleasant Hill's Statement Undisputed Material Facts ¶¶ 4-7, ECF No. 74-1 (admitting Ordinance 1925 amended Ordinance 1917); see also ECF No. 45-7 (Ordinance 1917). Ankeny's Ordinance 1925 limits fireworks sales to heavy industrial (M-2) districts. See ECF No. 50-1. Sales are allowed in M-2 districts "outright and without approval of a Special Use Permit." ECF No. 63 at 4 (quoting Jensen Aff., ECF No. 54-2 at APHA 49-52 (quoting in part Ankeny Code § 192.13) ). The Court first considers the zoning portion of Ankeny's Ordinances limiting the sale of fireworks to M-2 districts and then turns to the other portions of Ankeny's Ordinances.
a. Zoning requirement
Bellino challenges Ankeny's Ordinance as it relates to zoning. It asks to Court to find "[a]ll municipal regulation of the sale of consumer fireworks is preempted by State law." Bellino's Br. Supp. Mot. Partial Summ. J. 4, ECF No. 56-2 (emphasis removed). Bellino states even zoning laws "set[ ] standards or requirements regarding the sale or marketing of consumer merchandise that are different from, or in addition to, any requirement established by state law," and therefore are expressly preempted. Id. at 6 (quoting HF 295 (codified at Iowa Code § 364.3(3)(c)(1) ) ). Bellino cites Mall Real Estate in support of its express preemption claim. Id. at 8-9 (citing 818 N.W.2d at 194, 200-01 ). Bellino also argues conflict preemption and field preemption apply to preempt Ankeny's Ordinance restricting the sale of consumer fireworks to heavy industrial districts. Id. at 12-13. Ankeny asserts state law does not preempt local zoning ordinances and cites the Court's prior ruling upholding the ordinances then in effect restricting the zones in which fireworks could be sold. ECF No. 63 at 20 (citing ECF No. 23 at 24-31); ECF No. 71-1 at 5-20. At the hearing, Bellino acknowledged its position as to Ankeny's zoning ordinance is contrary to the conclusion the Court reached in its *1085 Order on Bellino's request for a preliminary injunction. See ECF No. 23 at 24-31.
The Court holds Ankeny's Ordinance allowing the sale of fireworks only in heavy industrial zones is not preempted by SF 489 or HF 295. As there are no material facts in dispute, this legal question is appropriately resolved on summary judgment. Fed. R. Civ. P. 56(a) (stating summary judgment is appropriately grated when "the movant is entitled to judgment as a matter of law"); Anderson , 477 U.S. at 248, 106 S.Ct. 2505 ("Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted.").
i. Express preemption
As the Court preliminarily concluded, by their terms, neither SF 489 nor HF 295 expressly preempt Ankeny's Ordinance. Zoning is a well-established municipal function. See Iowa Code ch. 414; accord Residential & Agric. Advisory Comm., LLC v. Dyersville City Council , 888 N.W.2d 24, 40 (Iowa 2016) (citing 101A C.J.S. Zoning and Land Planning § 2, at 18-19 (2016) ). Senate File 489 specifically allows cities to regulate the use of fireworks. SF 489 § 8 (codified at Iowa Code § 364.2(6) ). Neither SF 489 nor HF 295 expressly prohibit or limit Ankeny's (or the Cities') zoning power. Zoning concerns the use of a building, not the sale of merchandise and thus falls outside the prohibition of HF 295. See Iowa Code ch. 414. The Court finds Mall Real Estate , in which the Iowa Supreme Court found a statute expressly preempted a local ordinance, distinguishable as the language of HF 295 is narrower than the statute at issue in Mall Real Estate. ECF No. 23 at 24-28 (discussing Mall Real Estate , 818 N.W.2d at 194-96 ). Compare Iowa Code § 364.3(3)(c)(1) (prohibiting municipal "standards or requirements regarding the sale or marketing of consumer merchandise"), with Iowa Code § 728.11 (2009) (prohibiting local regulation "relating to the availability of obscene materials" and providing a uniformity provision stating the statute was intended to be "the sole and only regulation of obscene material"). The legislature did not expressly preempt Ankeny's zoning authority in either SF 489 or HF 295.
ii. Conflict preemption
In support of its conflict preemption argument, Bellino cites its expert's report concluding the Ordinances "are more restrictive than [National Fire Protection Association standard] 1124" and "exceed the regulations adopted by the State of Iowa and are not necessary to provide a reasonable level of fire and life safety for buildings and structures in which consumer fireworks are sold, including temporary structures." Bellino's Suppl. Sealed App. Supp. Bellino's Mot. Partial Summ. J. at Supp. App. 24, ECF No. 75. Bellino also argues the National Fire Protection Association standard 1124 is incorporated into the state fire marshal's rules and that standard 1124 itself allows sales broadly in "mercantile occupancies." ECF No. 56-2 at 9-10 (quoting language from the standard which states "[r]etail sales of consumer fireworks shall be limited to mercantile occupancies" defined as "[a]n occupancy used for the display and sale of merchandise"); see also ECF No. 56-3 at App. 249-319 (setting forth National Fire Protection Association standard 1124). Bellino concludes the incorporation of standard 1124 into the Iowa Code and the broad language of standard 1124 demonstrates the legislature's desire to allow the sale of consumer fireworks "without limitation on location" and that the issuance of a license "shall allow the licensee to sell"
*1086 consumer fireworks in Iowa. ECF No. 56-2 at 10 (quoting in part Iowa Code § 100.19(3)(b) ). Ankeny responds standard 1124 can be read harmoniously with Iowa Code Chapter 414's grant of local zoning powers to cities. ECF No. 71-1 at 14. It further states if the two were not harmonious, the "higher standards" enacted pursuant to a cities' zoning powers prevail. Id. at 13-14 (citing Iowa Code § 414.21 ).[6]
Neither SF 489 nor HF 295 conflict with Ankeny's Ordinance as it relates to zoning. Ankeny's Ordinance is not " 'irreconcilable' with state law." Madden , 848 N.W.2d at 49 (quoting Hensler , 790 N.W.2d at 585 ). Under Ankeny's Ordinance, a licensed fireworks retailer may sell fireworks in Ankeny's industrial zones, pursuant to the other requirements set forth in SF 489 and under the state fire marshal's rules. Senate File 489 does not dictate in which zones fireworks must or may be sold; it instead allows for the sale of consumer fireworks and contains no language expressly or impliedly limiting a city's zoning power under Iowa Code chapter 414. Furthermore, any incorporation of the National Fire Protection Association standard 1124 does not operate to preempt the Ordinance. See Iowa Code § 100.19(4)(a) (stating "[t]he state fire marshal shall adopt rules to: ... Require that any retailer or community group offering for sale at retail any consumer fireworks ..., shall do so in accordance with the national fire protection association standard 1124"). The Iowa Code's sweeping mention of standard 1124 does not meet the high standard of conflict preemption with regard to Ankeny's zoning ordinance. See Seymour , 755 N.W.2d at 539 ("[T]he conflict must be obvious, unavoidable, and not a matter of reasonable debate."). Likewise, Ankeny's zoning ordinance does not conflict with HF 295's prohibition against "standards or requirements relating to the sale or marketing of consumer merchandise," because, as stated above, the zoning at issue does not relate to the "sale or marketing of consumer merchandise." Ankeny's zoning ordinance and SF 489 and HF 295 can therefore exist harmoniously and are not irreconcilable.
iii. Field preemption
Finally, the Court finds Ankeny's Ordinance is not preempted under the doctrine of field preemption. ECF No. 23 at 13-15. The Court finds no "persuasive concrete evidence of an intent to preempt the field in the language that the legislature actually chose to employ." Seymour , 755 N.W.2d at 539 ; cf. Iowa Grocery Indus. Ass'n v. City of Des Moines , 712 N.W.2d 675, 679 (Iowa 2006) (holding field preemption applied where the Iowa legislature "reserved to itself the general authority to regulate the alcoholic beverage industry in Iowa," while nonetheless "g[iving] limited regulatory powers to local authorities"). House File 295 does not indicate the legislature intended to so cover the field of consumer merchandise-or, in SF 489, consumer fireworks-as to preempt the local regulation over this subject. Thus, Ankeny's Ordinance is not preempted and the Court grants summary judgment in Ankeny's favor as to its Ordinance.
b. Other requirements
Bellino additionally challenges other provisions of Ankeny's City Code:
*1087 the site plan requirement, occupancy permit requirements, parking and loading requirements, nuisance abatement, additional setbacks, regulations of the storage of supplies, and area and size regulations. ECF No. 45 ¶¶ 37-38 (citing Ankeny Code §§ 192.02, 192.13(2)(A)-(C), 192.13(3)-(4), ECF No. 56-3 at App. 60-62); ECF No. 56-2 at 13 (citing Ankeny Code §§ 192.02, 192.13(1), 192.13(2)(C), 192.13(4) ). Ankeny argues Bellino lacks standing to challenge these other provisions of Ankeny's City Code because Bellino does not raise an actual controversy. ECF No. 63 at 20-24.
Declaratory judgment actions require an "actual controversy" between "interested" parties. 28 U.S.C. § 2201. In order for there to be an "actual controversy" there must be a "substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuances of a declaratory judgment." MedImmune, Inc. v. Genentech, Inc. , 549 U.S. 118, 127, 127 S.Ct. 764, 166 L.Ed.2d 604 (2007) (quoting Md. Cas. Co. v. Pac. Coal & Oil Co. , 312 U.S. 270, 273, 61 S.Ct. 510, 85 L.Ed. 826 (1941) ); accord Diagnostic Unit Inmate Council v. Films Inc. , 88 F.3d 651, 653 (8th Cir. 1996). Entwined with the "interested" party requirement, Article III standing requirements apply equally to declaratory judgment actions. See Knight First Amendment Inst. at Columbia Univ. v. Trump , 302 F.Supp.3d 541, 555-64 (S.D.N.Y. 2018) (analyzing standing in a declaratory judgment action), appeal docketed , No. 18-1691 (2d Cir. June 5, 2018); Dolls, Inc. v. City of Coralville , 425 F.Supp.2d 958, 977 (S.D. Iowa 2006) ("To have standing to seek declaratory relief, there must be 'a substantial controversy between the parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.' " (quoting Marine Equip. Mgmt. Co. v. United States , 4 F.3d 643, 646 (8th Cir. 1993) ); Nutrasweet Co. v. Ajinomoto Co. , 423 F.Supp.2d 450, 454 (D. Del. 2006) ("The requirement of actual controversy encompasses concepts such as ripeness, standing, and the prohibition against advisory judicial rulings ...." (quoting BP Chems. Ltd. v. Union Carbide Corp. , 4 F.3d 975, 977 (Fed. Cir. 1993), abrogated on other grounds by MedImmune , 549 U.S. at 126-27, 127 S.Ct. 764 ) ); see generally 10B Wright & Miller, Federal Practice & Procedure §§ 2753, 2757 (4th ed. 2016 & Supp. 2018) ; 22A Am. Jur. 2d Declaratory Judgments § 21 (Supp. 2018). Standing requires a plaintiff show it "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant[s], and (3) that is likely to be redressed by a favorable judicial decision." Spokeo, Inc. v. Robins , --- U.S. ----, 136 S.Ct. 1540, 1547, 194 L.Ed.2d 635 (2016) (citing Lujan v. Defs. of Wildlife , 504 U.S. 555, 560-61, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992) ). The injury-in-fact requirement mandates injury that is "concrete and particularized" and "actual or imminent, not 'conjectural' or 'hypothetical.' " Susan B. Anthony List v. Driehaus , 573 U.S. 149, 134 S.Ct. 2334, 2341, 189 L.Ed.2d 246 (2014) (quoting Lujan , 504 U.S. at 560, 112 S.Ct. 2130 ). In a case asserting a future injury, a plaintiff can establish injury in fact by either demonstrating the injury is "certainly impending" or there is a "substantial risk" the harm will occur. Id. (quoting Clapper v. Amnesty Int'l , 568 U.S. 398, 414 n.5, 133 S.Ct. 1138, 185 L.Ed.2d 264 (2013) ).
In the context of standing, Ankeny frames Bellino's challenge as a facial, rather than an as-applied, challenge and concludes it is too speculative. ECF No. 63 at 21-23. Ankeny contends Bellino cannot bring an as-applied challenge because Bellino has not "experience[d] a direct injury or will [not] soon sustain a direct injury."
*1088 Id. at 22 (first alteration in original) (quoting Dolls, Inc. , 425 F.Supp.2d at 972 ). Bellino responds it "is not challenging the constitutionality of the Cities' ordinances as part of its declaratory judgment claims" and instead states its "claims are focused on the extent to which the Cities' requirements are preempted under Iowa State law." Bellino's Br. Resist. Cities' Mot. Summ. J. 7, ECF No. 74. Bellino requests a declaratory judgment against Ankeny stating: "Any and all laws, rules, regulations, or ordinances in effect in the City of Ankeny, or purported to be in effect in the City of Ankeny, are preempted by Iowa state law to the extent they impose standards or requirements that are different from, or in addition to, those established by State law." ECF No. 45 at 18. Bellino argues "these ordinances further restrict Bellino from selling consumer fireworks where Bellino has a State license." ECF No. 56-2 at 14.
The parties' arguments converge when focusing on Bellino's injury. In arguing Bellino brings a facial challenge against these provisions, Ankeny essentially alleges Bellino lacks an injury sufficient to bring a declaratory judgment claim. As stated above, declaratory judgment actions do not eliminate Article III requirements; there must be an actual controversy for this Court to adjudicate a claim.
Here, Bellino has not shown there is an actual controversy for the Court to resolve. Bellino does not allege any of the miscellaneous provisions it challenges-the site plan, the occupancy permit, the parking and loading requirements, the setback requirement-have caused it any injury. Bellino presents no evidence these other portions of Ankeny's City Code have been applied to it. Bellino argues these "other provisions of Ankeny Code appear to apply to consumer firework sales." ECF No. 74-1 ¶¶ 7, 10-11 (emphasis added); see also id. ¶¶ 21, 28, 37 (stating "other provisions [in] Pleasant Hill Code appear to apply to [the sale of] consumer fireworks" (citing ECF No. 56-1 ¶¶ 99-108) ); ECF No. 74-2 ¶ 23 (stating the same as to Johnston's other provisions); id. ¶ 42 (arguing other provisions may be applicable to Bellino's current Boone location). This response further demonstrates that Bellino fails to present an actual controversy as to these miscellaneous provisions.[7] Bellino's blanket challenge to Ankeny's City Code does not provide the Court "specific facts showing that there is a genuine issue for trial." Anderson , 477 U.S. at 248, 106 S.Ct. 2505. Instead, such a broad challenge demonstrates the lack of controversy as to these provisions.
Additionally, Bellino affirms it is not raising a constitutional challenge to these provisions and thus the Court need not analyze whether the challenged provisions of Ankeny's City Code are facially invalid or have been selectively enforced. See ECF No. 74 at 7 ("Bellino is not challenging the constitutionality of the Cities' ordinances as part of its declaratory judgment claims. To the contrary, Bellino's declaratory judgment claims are focused on the extent to which the Cities' requirements are preempted under Iowa State law." (emphasis in original) ); see, e.g., City of Chicago v. Morales , 527 U.S. 41, 51, 119 S.Ct. 1849, 144 L.Ed.2d 67 (1999) (concluding an ordinance was facially invalid *1089 because it was vague); Minn. Majority v. Mansky , 708 F.3d 1051, 1059-60 (8th Cir. 2013) (affirming dismissal against an organization and concluding it failed to demonstrate "selective enforcement of the facially neutral statute"); Eternal Invs., LLC v. City of Lee's Summit , No. 05-0521-CV-W-FJG, 2007 WL 679883, at *3-6 (W.D. Mo. Mar. 1, 2007) (granting summary judgment in a landowner's favor and finding "the City acted with an ill will or a vindictive motive in denying [the landowner]'s application for rezoning" and violated the equal protection clause); Aardvark Childcare & Learning Ctr., Inc. v. Twp. of Concord , 401 F.Supp.2d 427, 444-48 (E.D. Pa. 2005) (granting summary judgment against a daycare denied an occupancy permit based on substantive and procedural due process, equal protection, and takings grounds). Conclusions as to the application of these other provisions of Ankeny's City Code to Bellino is not appropriate on this record and the claims before the Court. For these reasons, Bellino lacks standing to challenge these aspects of the ordinances.
Furthermore, even assuming Bellino has standing, the specific municipal provisions Bellino seeks to challenge are not " 'irreconcilable' with state law," Madden , 848 N.W.2d at 49, nor do the requirements "regard[ ] the sale or marketing of consumer merchandise that are different from, or in addition to, any requirement established by state law," HF 295. The requirements are akin to zoning requirements which do not concern the sale or marketing of consumer merchandise. These other requirements are unlike the laws the Court previously found likely to be preempted under express or conflict preemption. Cf. ECF No. 23 at 17-19 (finding Boone and Pleasant Hill's temporary-structures bans were likely preempted under conflict preemption); id. at 19-23 (stating Ankeny, Johnston, and Pleasant Hill's additional permit requirements were likely expressly preempted where the Cities "require Bellino, as a consumer fireworks retailer, to acquire additional city-issued permits to sell fireworks"); id. at 23-24 (concluding Pleasant Hill's insurance-requirements ordinance were likely expressly preempted by HF 295). Cities in Iowa "ordinarily have the power to determine local affairs as they see fit unless the [Iowa] legislature has provided otherwise." Madden , 848 N.W.2d at 49. Extending the reach of either SF 489 or HF 295 to the standard provisions of a city's zoning ordinances unrelated to fireworks would lead to an erroneous interpretation of Iowa's case law on preemption. Because Bellino has not demonstrated there is an actual controversy for the Court to resolve, the Court grants summary judgment in Ankeny's favor as to the declaratory judgment claim.
2. Boone (Count V)
Boone's Ordinance limits the sale of fireworks to commercial or industrial zones. See ECF No. 56-3 at App. 64; ECF No. 74-2 ¶ 36; see also Boone & Johnston's App. Supp. Boone & Johnston's Mot. Summ. J. at. App. 109, Skare Aff. ¶ 6, ECF No. 58. Bellino also challenges the provisions of Boone's City Code allowing for temporary structures, requiring the submission of a site plan, banning of certain outdoor displays, and requiring height, yard depth and width, parking, and construction compliance. ECF No. 45 ¶ 49; see also ECF No. 56-3 at App. 66-96 (setting forth selected portions of Boone's City Code Chapter 175).
a. Zoning requirement
For the reasons the Court explained in analyzing Ankeny's zoning requirement, Boone's Ordinance as it relates to zoning is *1090 not preempted by state law under express, conflict, or field preemption. See supra IV.A.1.a. The Court finds there is no language in SF 489 or HF 295 prohibiting or limiting Boone's zoning power. Boone's zoning ordinance is not irreconcilable with state law. The legislature did not use language indicating an intent to occupy the entire field of consumer merchandise or consumer fireworks. Therefore, as a matter of law, the Court grants summary judgment in Boone's favor as to its zoning ordinance.
b. Temporary structures requirements
Bellino states Boone City Code sections 175.16(1)(A), 175.17(1)(B), and 175.18(1)(B) prohibit sales from temporary structures. ECF No. 45 ¶ 49. These sections set forth permitted uses in C-1, C-2, and C-3 districts and permit retail business in these districts "provided that all goods offered for sale shall be kept or stored within a fully enclosed building." ECF No. 56-3 at App. 66, 70, 74 (setting forth Boone City Code §§ 175.16(1)(A), 175.17(1)(B), 175.18(1)(B) ). Boone states temporary use structures are permitted in the C-3 zoning district. ECF No. 57-1 ¶ 34; ECF No. 74-2 ¶ 34 (acknowledging Bellino "was able to open a temporary structure ... for several days in 2017"); see also ECF No. 56-3 at App. 74, 77 (setting forth Boone City Code § 175.18(1)(B), (11) ).
Boone has not changed its Ordinance since the Court's Order enjoining its temporary structures ban. Compare Bellino's Ex. 13 Supp. Compl., ECF No. 1-13, with Bellino's Ex. 18 Supp. Am. Compl., ECF No. 45-18; see also ECF No. 64 at 7 n.2 (asserting Boone has adopted new interpretations of its Ordinance since the Court's preliminary injunction order). It is undisputed Bellino is required to submit a temporary use permit application and pay the associated $50 fee in order to operate out of a temporary structure in Boone. See Sanders Aff. ¶ 17, ECF No. 58 at App. 054-055. It is also undisputed Boone allows temporary structures in the C-3 zoning district. ECF No. 57-1 ¶ 34; ECF No. 74-2 ¶ 34.[8]
The Court finds Boone's temporary structures requirement is not preempted under state law. When the Court issued its Order granting in part and denying in part the preliminary injunction, Boone did not (or the Court did not understand it to) have any sort of zoning ordinance related to the sale of fireworks. Boone now allows the sale of fireworks in commercial or industrial zones. See ECF No. 45-18; ECF No. 74-2 ¶ 36. It is undisputed temporary structures are allowed in Boone in at least one of the commercial zones (C-3). ECF No. 56-3 at App. 74, 77 (setting forth Boone City Code § 175.18(1)(B), (11) ); ECF No. 57-1 ¶ 34; ECF No. 74-2 ¶ 34. Thus, Boone does not prohibit consumer fireworks retailers from operating out of temporary structures. Cf. ECF No. 23 at 16-19. Boone's temporary structures ordinance is no longer irreconcilable with Iowa law and conflict preemption does not apply to bar its application. See id. at 2 (noting a court's findings of facts and conclusions of law in determining whether to grant an *1091 injunction are not binding as they are based on "procedures that are less formal and evidence that is less complete than in a trial on the merits" (quoting Camenisch , 451 U.S. at 395, 101 S.Ct. 1830 ) ). Thus, the Court grants summary judgment in Boone's favor as to its temporary structures requirements.
c. Other requirements
As to the other provisions of Boone's City Code Bellino challenges-the site plan, the ban on outdoor displays, and the height, yard, parking, and construction requirements-Bellino has not demonstrated these provisions of Boone's City Code have been applied to it and does not allege an actual controversy for the Court to resolve. See ECF No. 45 ¶ 49; ECF No. 56-3 at App. 66-96 (setting forth selected portions of Boone's Code of Ordinances including the standards for special commercial, limited commercial, and mixed use districts). As with the Court's analysis of Bellino's challenge to other provisions of Ankeny's City Code, Bellino does not allege any of the miscellaneous provisions of Boone's City Code have caused it any injury and presents no evidence these provisions have been applied to it. See supra IV.A.1.b. Even assuming Belino has standing to challenge these laws, Bellino has not demonstrated a genuine dispute exists that these provisions are " 'irreconcilable' with state law," Madden , 848 N.W.2d at 49, nor do the requirements "regard[ ] the sale or marketing of consumer merchandise that are different from, or in addition to, any requirement established by state law," HF 295. The Court grants summary judgment in Boone's favor as to the declaratory judgment count.
3. Johnston (Count IX)
Johnston's Ordinance does not contain any zoning ordinances pertaining to fireworks. ECF No. 56-3 at App. 97-99. Instead, Bellino challenges Johnston's requirement that retailers obtain a Certificate of Zoning Compliance and a temporary use permit. Bellino also challenges other provisions of Johnston's City Code, including "yard, open space, parking,[ ] loading space" lighting, landscaping, height, lot, temporary sign, and paved surfaces requirements, and requirements regarding "the outdoor display of merchandise," among others. ECF No. 45 ¶ 60.
a. Certificate of Zoning Compliance
Johnston affirms it requires "a state issued license and a city issued Certificate of Zoning Compliance for any person to offer for sale[ ] consumer fireworks within the corporate limits of the city." ECF No. 56-3 at App. 99; id. at App. 103-04 (setting forth Johnston City Code § 166.05). Johnston City Code section 166.05 states:
No land shall be occupied or used, and no building hereafter erected or structurally altered shall be occupied or used in whole or in part for any purpose whatsoever, until there is a zoning certificate issued by the Zoning Administrator, stating that the use of the building and the site improvements comply with the provisions of this ordinance.
Id. at App. 103.
Johnston's requirement to obtain a Certificate of Zoning Compliance is not expressly preempted. Johnston's Certificate of Zoning Compliance is not a "standard[ ] or requirement[ ] regarding the sale or marketing of consumer merchandise that are different from, or in addition to" those provided under the state law. HF 295; cf. ECF No. 23 at 19-23 (stating Ankeny, Johnston, and Pleasant Hill's additional permit requirements were likely expressly preempted where the Cities "require Bellino, as a consumer fireworks retailer, to acquire additional city-issued permits to sell fireworks"); id. at 23-24 (concluding Pleasant Hill's insurance-requirements ordinance were likely expressly preempted by HF 295). Much like the Court's conclusion as to the Cities' zoning ordinances, *1092 a zoning compliance certificate does not concern "the sale or marketing of consumer merchandise" but is instead a permit for the use of a building. See ECF No. 23 at 28. Under the doctrine of conflict preemption, Johnston's Certificate of Zoning Compliance is not " 'irreconcilable' with state law." Madden , 848 N.W.2d at 49 ; cf. ECF No. 23 at 17-18 (finding Boone and Pleasant Hill's temporary-structures bans were likely preempted under conflict preemption). The Court also finds the doctrine of field preemption does not operate to preempt the City's regulation over this subject. Cf. Iowa Grocery Indus. Ass'n , 712 N.W.2d at 679 (applying field preemption to alcoholic beverage regulation).
b. Temporary use permit
Bellino also challenges Johnston's requirement that retailers obtain a permit to operate out of a temporary structure within city limits. Temporary uses are permitted in Johnston in "all non-residential zoning districts." Bellino's Ex. 21 Supp. Am. Compl. § 173.05(1), ECF No. 45-21; accord ECF No. 57-1 ¶ 17; ECF No. 74-2 ¶ 17 (stating "Johnston has taken the position that a temporary use permit is required in [the commercial zoning] district-an approval process taking six weeks with multiple levels of approval required"). Johnston City Code section 173.02 states a temporary use is "[a]ny sales in any nonresidential district including, but not limited to the sales of fresh fruits/vegetables, baked goods, and hand crafted items." ECF No. 45-21 § 173.02(1). Temporary structures are defined as:
Any constructed or erected structure, including but not limited to a shed, building, vehicle, trailer, tent or enclosure of any kind used for commercial or business purposes which any person or business intends to place on the same lot with or on any lot adjacent to, any permanent structure used for business or commercial purposes.
Id. § 173.02(2). Temporary structures must "conform to the zoning setback requirements or as directed by staff. Temporary structures fewer than three hundred (300) square feet may be allowed within the front yard setback subject to approval of the Zoning Administrator." Id. § 173.05(4). A temporary use permit is required "before any person can operate out of a temporary use structure within city limits." ECF No. 57-1 ¶ 18; ECF No. 74-2 ¶ 18. Senate File 489 provides "[t]he state fire marshal shall adopt rules to ... [p]ermit a retailer ... issued a license pursuant to this section to sell consumer fireworks ... [a]t a temporary structure that meets the requirements [of National Fire Protection Association standard 1124] between June 13 and July 8 each year, both dates inclusive." SF 489 § 3 (codified at Iowa Code § 100.19(4)(c)(2) ). Senate File 489 refers to standard 1124 as setting forth the requirements for a temporary structure. Id. § 100.19(4)(a). The state fire marshal's rules require consumer fireworks retailers located at a temporary structure to pay a license fee of $500 to obtain "a license for the retail sale of consumer fireworks." Iowa Admin. Code r. 661-265.21.
The Johnston City Code Chapter entitled "Zoning-Temporary Uses" is not fireworks-specific. ECF No. 57-1 ¶ 18; ECF No. 74-2 ¶ 18. It does not mention any restrictions or rules relating to the sale of fireworks out of temporary structures. See generally ECF No. 45-21 at 108-12. Bellino has not requested a temporary use permit from Johnston, but Bellino has obtained a lease for a property in Johnston where temporary structures are permitted. ECF No. 57-1 ¶¶ 15-17, 24; ECF No. 74-2 *1093 ¶¶ 15-17, 24; see also Boone & Johnston's Sealed App. Supp. Boone & Johnston's Resist. Bellino's Mot. Partial Summ. J. at Supp. Summ. J. App. 004, ECF No. 73 (setting forth a diagram of the lease property in Johnston showing a tent).
Johnston's temporary use permit process is not expressly preempted under state law. See Iowa Code § 100.19(4)(c)(2) (permitting fireworks sales out of temporary structures); cf. ECF No. 23 at 19-23 (concluding the additional permits set forth in the Ankeny, Johnston, and Pleasant Hill ordinances were likely expressly preempted); id. at 23-24 (concluding Pleasant Hill's insurance-requirements ordinance was likely expressly preempted by HF 295 because Pleasant Hill required more insurance than the state law). Consumer fireworks retailers can sell fireworks out of temporary structures in Johnston in nonresidential districts by obtaining a permit. ECF No. 45-21 at 108-12. Additionally, this requirement is not fireworks-specific, unlike Ankeny's and Pleasant Hill's prior ordinances, which required consumer fireworks retailers exclusively to obtain additional permits to sell fireworks. Cf. ECF No. 23 at 19-23. All retailers-not just consumer fireworks retailers-wishing to use a temporary structure in Johnston must apply for a permit. ECF No. 45-21 at 108-12. The Johnston City Code Chapter containing the requirement to obtain a zoning permit is entitled "Zoning-Temporary Uses." Id. at 108. And much like the other zoning regulations Bellino challenges, Johnston's temporary structures permit requirement is not expressly preempted because it does not set "standards or requirements regarding the sale or marketing of consumer merchandise," HF 295, and instead concerns the use of a temporary structure, not the sale of merchandise within Johnston's city-limits. Cf. ECF No. 23 at 24-31 (discussing Ankeny and Pleasant Hill's zoning ordinances). The temporary use permitting process is "intended to establish criteria and standards under which limited duration temporary uses may be allowed on a property." ECF No. 45-21 at 108.
Johnston's temporary use permit requirement is also not preempted under the doctrine of conflict preemption. Johnston's temporary structures permit process does not "prohibit[ ] what [the] state statute allows." Seymour , 755 N.W.2d at 542. The state fire marshal's rules set forth a license fee to sell fireworks and sets a fee schedule based on the location of the sale, the class of fireworks sold, and the identity of the seller. See generally Iowa Admin. Code r. 661-265.21 ; ECF No. 89-1 at 3d Supp. App. 2-3. These rules do not require a permit for a temporary structure. Johnston's temporary use permit requirement is in contrast to Boone's and Pleasant Hill's temporary structures bans the Court examined in its preliminary order. Cf. ECF No. 23 at 16-19. As the Court explained when it examined Boone's and Pleasant Hill's ordinances under the likelihood of success on the merits prong, there "whereas Iowa law permits licensed fireworks retailers-like Bellino-to sell consumer fireworks from temporary structures, Boone's and Pleasant Hill's ordinances prohibit such sales.... [and creates a] 'conflict ... unresolvable short of choosing one enactment over the other.' " Id. at 18 (quoting Seymour , 755 N.W.2d at 541 ). The same conflict does not exist in relation to Johnston's temporary use permit. Instead, Bellino (and any retailer in Johnston) may sell from a temporary use structure in a nonresidential zone by obtaining a permit.
Johnston's temporary use permit requirement is likewise not preempted under the doctrine of field preemption. House File 295 does not indicate the legislature intended to so cover the field of "consumer *1094 merchandise"-or in SF 489, consumer fireworks-as to preempt the field of regulation over this subject. Because Johnston's temporary use permit process is not preempted by state law, the Court grants summary judgment in Johnston's favor as to this Ordinance.[9]
c. Other requirements
As to the other challenged provisions of Johnston's City Code, Bellino has not demonstrated these other provisions have been applied to it and does not allege an actual controversy for the Court to resolve. See ECF No. 45 ¶ 60 (setting forth challenges to selected portions of Johnston's City Code, including yard, open space, parking, loading, lighting, landscaping, height, lot, temporary sign, and paved surfaces requirements); ECF No. 56-3 at App. 97-212 (setting forth selected portions of Johnston's Code of Ordinances including the standards for zoning, sign regulations, site plan requirements, and temporary uses). As the Court concludes for the challenges Bellino brings to Ankeny's City Code, Bellino presents no evidence it has been injured by these provisions of Johnston's City Code. See supra IV.A.1.b. The Court grants summary judgment in Boone's favor as to the declaratory judgment count.
4. Pleasant Hill (Count XIII)
Similarly to Ankeny and Boone's ordinances, Pleasant Hill's Ordinance limits fireworks sales to industrial zoning districts. ECF No. 54-2 at APHA 46. As stated in the analysis above, such a zoning ordinance is not preempted by state law. See supra IV.A.1.a. Pleasant Hill's zoning ordinance does not concern "the sale or marketing of consumer merchandise that are different from, or in addition to, any requirement established by state law." HF 295. Pleasant Hill's ordinance is not irreconcilable with state law, nor is the ordinance preempted under the doctrine of field preemption.
Bellino has not demonstrated it has suffered any injury as a result of the other provisions of Pleasant Hill's City Code it challenges. See ECF No. 45 ¶ 72 (challenging provisions including "a required certificate issued by the Zoning Administrator,"[10] "height and yard regulations," "storage regulations," "open space and landscaping requirements," "loading requirements," "and sign regulations"); see also ECF No. 56-3 at App. 216-48 (setting forth sections of Pleasant Hill's Code of Ordinances). There is no actual controversy for the Court to resolve. See supra IV.A.1.b. Accordingly, the Court grants summary judgment in favor of Pleasant Hill as to the declaratory judgment count.
5. Conclusion
For the reasons set forth above, the Court grants summary judgment in favor of the Cities as to each declaratory judgment count. There are no genuine issues of material fact Bellino can point to showing the Cities' zoning ordinances are preempted. State law also does not preempt Boone's temporary structures requirements, *1095 Johnston's Certificate of Zoning Compliance, or Johnston's temporary use permit requirement. Bellino present no actual controversy for the Court to resolve as to the Cities' other regulations.
The Court next considers Bellino's other claims against the Cities alleging: section § 1983 due process violations, tortious interference with contract, and tortious interference with prospective business relationships. The Court then considers Bellino's punitive damages request and the Cities' motions to continue or bifurcate.
B. Section 1983 Due Process Claims (Counts II, VI, X, XIV)
Bellino brings § 1983 substantive due process claims against the Cities. Bellino alleges the Cities denied it due process during the 2017 summer selling season by depriving Bellino the use of its licenses. ECF No. 45 ¶¶ 93-94, 117-118, 141-142, 165-166. The essential elements of a § 1983 due process claim are the deprivation of a constitutionally protected due process right by a defendant acting under color of state law. See Schmidt v. City of Bella Villa , 557 F.3d 564, 571 (8th Cir. 2009). "Property interests are not created by the Constitution, 'they are created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law ....' " McGuire v. Indep. Sch. Dist. No. 833 , 863 F.3d 1030, 1034 (8th Cir. 2017) (omission in original) (quoting Cleveland Bd. of Educ. v. Loudermill , 470 U.S. 532, 538, 105 S.Ct. 1487, 84 L.Ed.2d 494 (1985) ). "[A] state statute ... can create a constitutionally protected property interest, first, when it contains particularized substantive standards that guide a decision maker and, second, when it limits the decision maker's discretion by using mandatory language (both requirements are necessary)." Id. (quoting Dunham v. Wadley , 195 F.3d 1007, 1009 (8th Cir. 1999) ).
A substantive due process claim is subject to a high burden. See Azam v. City of Columbia Heights , 865 F.3d 980, 986 (8th Cir. 2017). "Due process claims involving local land use decisions must demonstrate the 'government action complained of is truly irrational, that is something more than ... arbitrary, capricious, or in violation of state law.' " Koscielski v. City of Minneapolis , 435 F.3d 898, 902 (8th Cir. 2006) (omission in original) (quoting Anderson v. Douglas County , 4 F.3d 574, 577 (8th Cir. 1993) ). Under the truly irrational standard "[t]he action must ... be so egregious or extraordinary as to shock the conscience." Id. (citing County of Sacramento v. Lewis , 523 U.S. 833, 846-47, 118 S.Ct. 1708, 140 L.Ed.2d 1043 (1998) ; Burton v. Richmond , 370 F.3d 723, 729 (8th Cir. 2004) ); see also Chesterfield Dev. Corp. v. City of Chesterfield , 963 F.2d 1102, 1104 (8th Cir. 1992) (providing an example of a "truly irrational" government action as "attempting to apply a zoning ordinance only to persons whose names begin with a letter in the first half of the alphabet"). The Eighth Circuit takes "a restrictive view of when land use planning decisions by local government agencies violate an aggrieved party's substantive due process rights." Bituminous Materials, Inc. v. Rice County , 126 F.3d 1068, 1070 (8th Cir. 1997). "[E]ven allegations of bad faith enforcement of an invalid zoning ordinance do not, without more, state a substantive due process claim." Id. In WMX Technologies, Inc. v. Gasconade County , the Eighth Circuit further explained the standard for an "as applied" challenge is the "truly irrational" standard, whereas the standard for a "facial" challenge is whether the ordinance "is arbitrary, capricious and not rationally related to a legitimate public purpose."
*1096 105 F.3d 1195, 1198-99 & n.1 (8th Cir. 1997) (citing Pennell v. City of San Jose , 485 U.S. 1, 11, 108 S.Ct. 849, 99 L.Ed.2d 1 (1988) ). The Court analyzes Bellino's claims under both standards.[11]
Bellino alleges the Cities violated its due process rights by: "denying Bellino's use of [licenses] from June 15, 2017, through [early July] 2017"; and enacting ordinances "not rationally related to a legitimate government interest" by setting "standards or requirements that are different from, or in addition to, those established by State law." ECF No. 45 ¶¶ 93, 94, 117, 118, 141, 142, 165, 166. In support of its position, Bellino cites its expert's report and conclusions that the Cities' Ordinances and regulations are more restrictive than those set forth by the National Fire Protection Association Code. ECF No. 74 at 10. Because Bellino alleges it was denied due process during the 2017 summer selling season, the Court must examine the ordinances in effect at the time of Bellino's alleged deprivation. The Court also examines the Ordinances currently in effect as Bellino generally challenges the Cities' enactment of ordinances preempted by state law. See ECF No. 45 ¶¶ 94, 118, 142, 166.
Assuming Bellino has a cognizable property interest, there are no material facts in dispute that the ordinances in effect during the 2017 summer selling seasons were truly irrational. Even when Boone and Johnston banned fireworks sales, see ECF No. 23 at 15-16, their ordinances did not shock the conscience, nor, under a lesser standard, were they arbitrary or capricious. Cf. Hensler , 790 N.W.2d at 588-89 (holding an ordinance violated the Fourteenth Amendment and was "arbitrary and irrational" where the ordinance presumed the negligence of a parent merely because their child violated the law). The mere invalidity of the ordinances does not rise to the level of a substantive due process violation. See Bituminous Materials , 126 F.3d at 1070. Nor do the Cities' Ordinances as amended rise to the level of a substantive due process violation. The majority of the Cities prevent the sale of fireworks in certain zones: Ankeny and Pleasant Hill limit sales to heavy industrial districts and Boone limits sales to industrial or commercial zone. Johnston requires a Certificate of Zoning Compliance and a temporary use permit. These requirements do not shock the conscience nor are they arbitrary or capricious.
Furthermore, there are rational bases for the Cities' ordinances-both those in effect during the 2017 summer selling season and those currently in effect. See, e.g., PPC Enters. v. Texas City , 76 F.Supp.2d 750, 755-56 (S.D. Tex. 1999) (collecting cases recognizing ordinances limiting the use or sale of fireworks are rationally related to a legitimate public interest). For example, Johnston's Ordinance states it "deems the use of consumer fireworks as a threat to public safety and a nuisance to residents and property owners." ECF No. 56-3 at App. 98. Pleasant Hill's Ordinance recognizes "the City, its Police Department and Fire Department may not be adequately prepared to undertake the protection of its citizens in a proper fashion under the circumstances of an emergency related [to] the use or sale of Fireworks given the timing of this new law." Id. at App. 213. Bellino's expert's report is not sufficient to create a genuine issue of material *1097 fact as to whether there are a rational bases for the Cities' ordinances. See In re Acceptance Ins. Cos. Sec. Litig. , 423 F.3d 899, 905 (8th Cir. 2005) (citing S. Pine Helicopters, Inc. v. Phx. Aviation Managers, Inc. , 320 F.3d 838, 841 (8th Cir. 2003) ). Moreover, Bellino has not sufficiently alleged bad faith enforcement amounting to a substantive due process violation, even for those ordinances in effect during the 2017 summer selling season that the Court found SF 489 and HF 295 preempted. See Bituminous Materials , 126 F.3d at 1070. Nor has Belino alleged bad faith enforcement with regard to the Cities' Ordinances currently in effect, even if the Court's ruling were found to be incorrect. Bellino does not meet the high burden necessary to demonstrate a substantive due process claim. As there are no genuine issues of material fact in dispute, the Court grants summary judgment in the Cities' favor as to Bellino's § 1983 claims.
C. Tortious Interference Claims (Counts III, IV, VII, VIII, XI, XII, XV, XVI)
The parties agree the Court should analyze Bellino's claims for tortious interference with contract and tortious interference with prospective business relationships jointly. See ECF No. 64 at 15-18; ECF No. 74 at 16. In order to demonstrate a prima facie case for tortious (intentional) interference with contract, Bellino must prove:
(1) plaintiff had a contract with a third-party; (2) defendant knew of the contract; (3) defendant intentionally and improperly interfered with the contract; (4) the interference caused the third-party not to perform, or made performance more burdensome or expensive; and (5) damage to the plaintiff resulted.
Green v. Racing Ass'n of Cent. Iowa , 713 N.W.2d 234, 243 (Iowa 2006) (quoting Gibson v. ITT Hartford Ins. , 621 N.W.2d 388, 399 (Iowa 2001) ). For Bellino's claims alleging tortious interference with prospective business relationship, the Court must analyze the same elements in the context of a potential business relationship. Home Show Tours, Inc. v. Quad City Virtual, Inc. , 827 F.Supp.2d 924, 947 (S.D. Iowa 2011) (citing the same elements). To determine whether interference is improper under both claims, the Court considers several factors:
(a) the nature of the actor's conduct,
(b) the actor's motive,
(c) the interests of the other with which the actor's conduct interferes,
(d) the interests sought to be advanced by the actor,
(e) the social interests in protecting the freedom of action of the actor and the contractual interests of the other,
(f) the proximity or remoteness of the actor's conduct to the interference and
(g) the relations between the parties.
Restatement (Second) of Torts § 767 ; id. § 767 cmt. a (stating the factors to determine whether interference is improper applies to intentional interference with third-party contract and prospective contractual relationship); accord Kern v. Palmer Coll. of Chiropractic , 757 N.W.2d 651, 662 (Iowa 2008).
The Cities make a variety of arguments regarding these claims. The Cities allege they are immune. ECF No. 63 at 29-30 (citing Iowa Code § 670.4(1)(c) ); ECF No. 64 at 10-15 (same). Ankeny and Pleasant Hill argue leases in commercial zones do not provide a viable basis for tortious interference claims because passing an ordinance is a discretionary function. ECF No. 63 at 29-35. Ankeny and Pleasant Hill also argue a municipality cannot have an intent, *1098 and thus is incapable of improperly interfering. Id. at 32-33. Alternatively, Boone and Johnston allege Bellino does not demonstrate the Cities' improperly interfered. ECF No. 64 at 15-18. Boone and Johnston cite case law emphasizing interference must be both intentional and improper. Id. at 16 (citing Green , 713 N.W.2d at 244 ). Bellino responds "the timing of the Cities' enactment of many of the ordinances ... after the passage of HF 295 and SF 489, which imposed requirements different from or in addition to those established by State law" establishes the Cities' "intent to interfere with Bellino's due process rights, third-party contracts, and prospective business relationships." ECF No. 74 at 15 (emphasis in original). The Court concludes there are no material facts in dispute as to whether the Cities' conduct was improper. Alternatively, the Court concludes the Cities' actions are afforded immunity under Iowa's discretionary function immunity exception.
The Court holds summary judgment on the tortious interference with contract and tortious interference with prospective business relationships claims is appropriate as a matter of law. The improper interference factors weigh in favor of judgment for the Cities and demonstrate their interference was not improper. Several of the Cities passed zoning ordinances, or ordinances akin to zoning ordinances. Zoning is a well-established municipal function. See Iowa Code ch. 414; accord Residential & Agric. Advisory Comm., LLC , 888 N.W.2d at 40 (citing 101A C.J.S. Zoning and Land Planning § 2, at 18-19 (2016) ). Iowa Code section 414.1(1)(a)"empower[s cities to] regulate and restrict ... the location and use of buildings, structures, and land for trade, industry, residence, or other purpose." The Iowa Supreme Court has repeatedly recognized, "[z]oning decisions are an exercise of the police power to promote the health, safety, order and morals of society." Residential & Agric. Advisory Comm. , 888 N.W.2d at 40 (alteration in original) (quoting Montgomery v. Bremer Cty. Bd. of Supervisors , 299 N.W.2d 687, 692 (Iowa 1980) ); see also Iowa Code § 414.3(1) ; ECF No. 23 at 25-26 (stating this precedent). The timing of the Cities' passage of the ordinances does not serve to imply improper interference. Prior to the passage of SF 489 and HF 295 the sale and use of fireworks in Iowa was prohibited and the bill became effective less than a month before the 2017 summer selling began. See ECF No. 54-2 at APHA 12 (noting May 9, 2017 as the effective date for SF 489); S.F. § 3 (codified at Iowa Code § 100.19(4)(c) ) (noting a selling season beginning as early as June 1). Thus, the nature of the Cities' conduct, their motive, their interests sought to be advanced, and the remoteness of their conduct all weigh in favor of finding the Cities' interference was not improper. There are no disputed facts precluding summary judgment as to this conclusion. The Court grants summary judgment in the Cities' favor as to these claims.
The Court alternatively finds the Cities' actions in passing the Ordinances-both those currently and those previously in effect-are afforded immunity under Iowa's discretionary function immunity exception. See Iowa Code § 670.4(1)(c). To determine whether the discretionary function immunity exception applies to the Cities' actions, the Court must consider: 1) "whether the action in question was a matter of judgment or choice for the acting employee," and 2) "whether, if an element of judgment is involved in the challenged conduct, the judgment is of a kind that the discretionary function exception was designed to shield."
*1099 City of Cedar Falls v. Cedar Falls Cmty. Sch. Dist. , 617 N.W.2d 11, 19 (Iowa 2000) (citing Goodman v. City of Le Claire , 587 N.W.2d 232, 237-38 (Iowa 1998) (citing Berkovitz v. United States , 486 U.S. 531, 108 S.Ct. 1954, 100 L.Ed.2d 531 (1988) ) ); accord Bruning ex rel. Bruning v. Carroll Cmty. Sch. Dist. , 486 F.Supp.2d 892, 920 (N.D. Iowa 2007). The exception is narrowly construed; "liability is the rule and immunity the exception." Madden v. City of Eldridge , 661 N.W.2d 134, 138 (Iowa 2003). An entity is immune from liability for an action only where the action was taken based upon a "meaningful exercise of discretion." Id. at 139 (quoting Graber v. City of Ankeny , 656 N.W.2d 157, 164 (Iowa 2003) ). "The critical distinction 'is the one between a judgment that embodies a professional assessment undertaken pursuant to a policy of settled priorities and a fully discretionary judgment that balances incommensurable values in order to establish those priorities.' " Id. (quoting Shansky v. United States , 164 F.3d 688, 694 (1st Cir. 1999) ). The discretionary function exception is meant to "prevent judicial 'second guessing' of legislative and administrative decisions grounded in social, economic, and political policy through the medium of an action in tort." Berkovitz , 486 U.S. at 536-37, 108 S.Ct. 1954 (quoting United States v. Varig Airlines , 467 U.S. 797, 814, 104 S.Ct. 2755, 81 L.Ed.2d 660 (1984) ).
The Cities' action of passing ordinances related to zoning for the sale of consumer fireworks is a discretionary function and thus provides immunity to the Cities under the Iowa Code. Decisions such as passing an ordinance are the types of discretionary functions this exception is designed to protect. See Berkovitz , 486 U.S. at 536-37, 108 S.Ct. 1954 ; Lopez v. United States , 376 F.3d 1055, 1060 (10th Cir. 2004) (citing favorably precedent declining immunity for a claim alleging failure to warn but stating the government's "lake zoning decisions constituted an exercise of discretion involving economic and social considerations" (citing Boyd v. United States , 881 F.2d 895, 897-98 (10th Cir. 1989) ); cf. Keegan v. City of Blue Grass , No. 03-0194, 2004 WL 139069, at *2 (Iowa Ct. App. Jan. 28, 2004) (holding "the issuance of a building permit under the Uniform Building Code is not a discretionary function"). The decision to enact an ordinance regarding consumer fireworks is made by exercising judgment and discretion. Compare Gordon ex rel. Gordon v. Ottumwa Cmty. Sch. Dist. , 115 F.Supp.2d 1077, 1085-87 (S.D. Iowa 2000) (holding a school district was entitled to discretionary function immunity because "[w]hether to hire or retain an employee, as well as how to supervise him, are ordinarily matters of choice for a supervisor charged with these functions"), with Walker v. State , 801 N.W.2d 548, 563-66 (Iowa 2011) (denying the State of Iowa discretionary function immunity "because the decisions made by the correctional staff in the supervision of the inmates did not involve the evaluation of broad public policy factors"). It is based on "the evaluation of broad public policy factors." Walker , 801 N.W.2d at 563. Such a discretionary decision is best left with the judgment of the individual Cities and, in this instance, passing the Ordinances is protected under discretionary function immunity. The Court grants summary judgment in the Cities' favor as to the tortious interference with contract and tortious interference with prospective business relationship claims.
D. Punitive Damages
The Cities also argue punitive damages are unavailable against municipalities. ECF No. 63 at 35-36 (citing Iowa Code §§ 670.2(1), 670.4(1)(e) ); ECF No. 64 at 29-30 (same). Because the Court finds judgment in the Cities' favor is warranted as to all counts and the Cities are not *1100 liable to Bellino on any count, the Court need not address the Cities' punitive damages argument.
E. Defendants' Motion to Bifurcate or Continue Trial
Finally, Ankeny and Pleasant Hill request the court continue the trial, or in the alternative bifurcate the trial. ECF No. 85. Boone and Johnston join in this request. ECF No. 87. The Cities request bifurcation of the merits and damages portions of the trial. ECF No. 85 ¶¶ 23-25; ECF No. 87. Because the Court rules in the Cities' favor as to all counts at summary judgment, the Cities' motions are moot and the Court need not address this issue.
F. Effect of the Court's Summary Judgment Ruling on the Preliminary Injunction and Bond
Having found summary judgment in Defendant Cities' favor as to all counts is appropriate, the Court must now determine the effect of the Court's ruling on the preliminary injunction and the $5000 bond Bellino posted. See ECF Nos. 23, 24. "When a law has been amended or repealed, actions seeking declaratory or injunctive relief for earlier versions are generally moot unless the problems are 'capable of repetition yet evad[ing] review.' " Phelps-Roper v. City of Manchester , 697 F.3d 678, 687 (8th Cir. 2012) (alteration in original) (quoting McCarthy v. Ozark Sch. Dist. , 359 F.3d 1029, 1036 (8th Cir. 2004) ). As discussed above, the ordinances the Court enjoined in its preliminary injunction ruling-namely, Ankeny Ordinance 1917 requiring a special use permit to sell fireworks, Boone's ordinance prohibiting consumer fireworks sales out of temporary structures,[12] and Pleasant Hill's Ordinance 827 prohibiting consumer fireworks sales out of temporary structures, requiring a special sales permit to sell fireworks, and requiring additional insurance coverage-are no longer in effect. As to Johnston's ordinance requiring a temporary use permit, and with the benefit of the summary judgment record and the parties' briefing, the Court determines an injunction is not appropriate because state law does not preempt Johnston's ordinance requiring a temporary use permit. Cf. ECF No. 23 at 19-23 & n.4. As to the Cities' Ordinances presently in effect, the Court enters judgment as to the declaratory judgment counts in favor of the Cities. Thus, the Court finds the preliminary injunction is moot and issuance of a permanent injunction is not appropriate. See ECF No. 45 at 18, 23, 28, 33 (requesting a permanent injunction as a remedy under the declaratory judgment claims); eBay Inc. v. MercExchange, L.L.C. , 547 U.S. 388, 391, 126 S.Ct. 1837, 164 L.Ed.2d 641 (2006) (setting forth a four-factor test for granting permanent injunctive relief).
As set forth in Federal Rule of Civil Procedure 65(c), the Court may, and did here, require a bond upon the issuance of a preliminary injunction for the payment of "costs and damages sustained by any party found to have been wrongfully enjoined." See also ECF Nos. 23, 24. None of the Cities request any amount of the bond. See ECF No. 54; ECF No. 57. Moreover, the Court does not find any party was wrongfully enjoined. Thus, the Court directs the Clerk to return the $5000 bond to Bellino.
*1101 V. CONCLUSION
The Court concludes summary judgment is warranted in the Cities' favor as to all claims against them. Declaratory judgment in the Cities' favor is appropriate because the Ordinances are not preempted by SF 489 or HF 295 under the doctrines of express, conflict, or field preemption. Bellino lacks standing to assert challenges against other miscellaneous provisions of the Cities' codes because Bellino does not present an actual controversy for the Court's resolution and does not allege it sustained any injury as a result of these provisions. Summary judgment is also appropriate in favor of the Cities as to Bellino's § 1983 due process claims because there are no material facts in dispute that the ordinances violate Bellino's substantive due process rights. The same is true regarding Bellino's tortious interference with contract and prospective business relationships claims. Judgment as a matter of law is appropriate as to Bellino's tortious interference with contract and prospective business relationships claims because there are no allegations the Cities' interference was improper and, alternatively, the Cities actions are afforded discretionary function immunity. Lastly, the Court need not consider whether punitive damages are warranted or appropriate because the Court rules in the Cities' favor as to all counts. Because the Court resolves the claims on summary judgment, the Cities' request to continue or bifurcate trial is moot. The preliminary injunction is also moot and the bond shall be returned to Bellino.
IT IS SO ORDERED that Defendants' Motions for Summary Judgment, ECF Nos. 54 and 57, are GRANTED and Plaintiff's Motion for Partial Summary Judgment, ECF No. 56, is DENIED . Defendants' Motions to Continue or Bifurcate Trial, ECF Nos. 85 and 87, are DENIED .
Each party is responsible for its own costs. The $5000 bond previously paid by Plaintiff Bellino shall be returned to Plaintiff as the preliminary injunction is moot. See ECF Nos. 23, 24. The Clerk is directed to terminate this case in favor of the Defendants City of Ankeny, City of Boone, City of Johnston, and City of Pleasant Hill.

The Court refers to the City of Ankeny, the City of Boone, the City of Johnston, and the City of Pleasant Hill-all cities located in the Southern District of Iowa-collectively as "the Cities."

Because SF 489 (and HF 295) have been codified in scattered sections, the Court cites SF 489 and HF 295.

The parties do not point the Court to the exact language of the Boone Ordinance setting forth this limitation. However, the parties do not dispute Boone's Ordinance is limited to these zones. Boone & Johnston's Statement Undisputed Material Facts Supp. Boone & Johnston's Mot. Summ. J. ¶ 36, ECF No. 57-1; ECF No. 74-2 ¶ 36. Boone contends it has adopted new interpretations of its Ordinance following the Court's preliminary injunction order. Boone & Johnston's Br. Supp. Boone & Johnston's Mot. Summ. J. 7 n.2, ECF No. 64 (citing ECF No. 57-1 ¶ 36 (stating Boone allows "state-licensed consumer firework retailers to operate in industrial or commercial zones"); id. ¶ 37 (stating "Boone allows Bellino's temporary use pursuant to Boone Code sections 175.18(1)(B) and 175.18(11)"); id. ¶ 39 ("If a consumer firework retailer has obtained a state fireworks license, Boone will not require the retailer to obtain any other permit, certificate, or pay any fee to the City of Boone.") ). Thus, the Court treats this fact as undisputed.

There are remaining references in the materials to Pleasant Hill Ordinance 833. ECF No. 45 ¶¶ 70-71 (naming Ordinance 833); Ankeny & Pleasant Hill's Statement Undisputed Material Facts Supp. Ankeny & Pleasant Hill's Mot. Summ. J. ¶ 21, ECF No. 54-1 (same). However, the parties appear to agree Ordinance 836 is the "sole source of regulation on the sale of consumer fireworks in Pleasant Hill's Municipal Code." Bellino's Resp. Ankeny & Pleasant Hill's Statement Undisputed Material Facts ¶ 21, ECF No. 74-1 (quoting Sturms Aff., ECF No. 54-2 at APHA 54); Ankeny & Pleasant Hill's Reply Bellino's Resp. Statement Undisputed Material Facts ¶ 21, ECF No. 78-1; see also ECF No. 54-2 at APHA 46 ("All Ordinances or parts of Ordinances in conflict with the provisions of this Ordinance are hereby repealed.").

Because the parties make cross-motions for summary judgment as to the declaratory judgment counts, the Court considers the materials both in support of and in resistance to Bellino's Motion for Partial Summary Judgment, ECF No. 56, and the Cities' Motions for Summary Judgment, ECF Nos. 54, 57. Ankeny and Pleasant Hill submitted joint materials. Boone and Johnston submitted joint materials.

For the reasons stated in its order regarding the preliminary injunction, the Court declines to rely upon the legislative history in reaching its conclusion that Ankeny's (and the Cities') zoning ordinances are not preempted under the doctrine of conflict preemption. ECF No. 23 at 30; see also ECF No. 63 at 14-16 (setting forth quotations from floor debates on SF 489). The Court instead looks to the text of the statutes to determine legislative intent. ECF No. 23 at 30 (citing Mall Real Estate , 818 N.W.2d at 194 ).

Moreover, in responding to the Cities' arguments regarding the § 1983 claims, Bellino asserts "it is a disputed issue of material fact regarding which laws the Cities used or will use to prevent Bellino from selling consumer fireworks in accordance with State law." ECF No. 74 at 12. This further supports the finding Bellino does not have standing to challenge these other provisions. Such allegations are "conjectural" and inappropriate for the Court's judgment. See Susan B. Anthony List , 134 S.Ct. at 2341.

While Bellino maintains "[t]here is nothing in Boone Code that purports to limit the applicability of the [C-1, C-2, and mixed use code sections] to Bellino's operations at the [C-3] location," the Court finds this assertion does not create a genuine issue of material fact. ECF No. 74-2 ¶ 42; see also Anda v. Wickes Furniture Co. , 517 F.3d 526, 531 (8th Cir. 2008) (stating "[a] plaintiff may not merely point to unsupported self-serving allegations" (quoting Bass v. SBC Commc'ns, Inc. , 418 F.3d 870, 872 (8th Cir. 2005), abrogated on other grounds by Torgerson , 643 F.3d at 1058 ). By their terms, zoning provisions apply to the zones they name; the C-3 provisions, not C-1, C-2, or mixed use provisions, apply to property in the C-3 zoning district. See generally ECF No. 56-3 at App. 66-80.

The Court notes that while Bellino has not obtained a temporary use permit, ECF No. 74-2 ¶ 24, it has demonstrated a "substantial risk that [a] harm will occur" sufficient to confer standing-here a lease to operate in a nonresidential zone at a location with a permanent structure, subject to the temporary use permit. Susan B. Anthony List , 134 S.Ct. at 2341 ; see also Boone & Johnston's Sealed App. Supp. Boone & Johnston's Mot. Summ. J. at App. 001-002, ECF No. 60 (setting forth a lease for a space in Johnston for summer 2017); ECF No. 73 at Supp. Summ. J. App. 003-04 (setting forth a plan for the leased location showing a tent).

To the extent this is a separate required certificate, the Court finds Pleasant Hill's ordinance is akin to Johnston's Certificate of Zoning Compliance and is not preempted. See supra IV.A.3.a.

Bellino's complaint contends the Cities' Ordinances are "not rationally related to a legitimate government interest," nodding to the facial challenge standard. See ECF No. 45 ¶¶ 94, 118, 142, 166; see also Ankeny & Pleasant Hill's Reply Br. Supp. Mot. Supp. J. 4, ECF No. 84 (challenging Bellino's failure "to address the 'truly irrational' standard applied in rational basis analysis").

The Court reemphasizes that while the language of Boone's Ordinance has not changed, the parties agree the interpretation of Boone's Ordinance is to allow the sale of fireworks in industrial and commercial zones and that temporary structures are allowed in the C-3 zoning district. ECF No. 57-1 ¶¶ 34, 36; ECF No. 74-2 ¶¶ 34, 36; see also ECF No. 56-3 at App. 74, 77 (setting forth Boone City Code § 175.18(1)(B), (11) ).